### No. 9964.

### CLARK v. PERDUE.

Decided January 9, 1922.

Action by broker for commission on sale of real estate. Judgment for plaintiff.

### *Affirmed.*

1. VARIANCE—*Pleading and Proof.* Allegations of a complaint as to an oral contract, and proof, reviewed and held not to show a variance.

2. CONTRACT—*Oral—Statute of Frauds.* The statute of frauds makes void an oral contract not to be performed within one year only when such contract by its terms excludes performance within a year.

3. PLEADING—*Liability of a Partner for Debts of the Firm.* The question of liability of one partner for firm debts will not be considered unless raised by the pleadings; if not so raised, it is waived.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. L. J. STARK, Mr. CLIFFORD W. MILLS, for plaintiff in error.

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendant in error recovered a judgment against the plaintiff in error in an action for a commission on the sale of real estate. The complaint alleges:

"That sometime prior to the institution of this suit the plaintiff was employed by the defendant to secure prospective purchasers for real estate listed by the defendant. That the plaintiff and defendant entered into an oral agreement whereby the defendant agreed to pay to plaintiff for his services an amount equal to one-half of all commission received by defendant because of any sale to any customer furnished said defendant by plaintiff. That said amount was to be paid by defendant to plaintiff at the time of the consummation of any deal made by the defendant to any person referred to defendant by plaintiff."

It is objected that there is a fatal variance between the complaint and the proof. It is urged that the complaint sets up a contract by which the plaintiff was to secure pro-.spective purchasers, and that the evidence does not show that he secured the purchaser in this particular case.

It will be observed that the paragraph of the complaint quoted, after the allegation as to prospective purchasers, amplifies the subject, setting out that a commission was to be received because of any sale by Clark to a customer furnished to him by plaintiff. The evidence shows an agreement between plaintiff and defendant to the effect that defendant would pay plaintiff a commission upon any sales consummated with, or through one Hokosono, whom plaintiff introduced to defendant, as a man through whom a number of Japanese were likely to make purchases of land.

That contract is clearly within the language of the complaint. . It was not necessary that the plaintiff should personally bring the customers to the defendant. *Qui facit per alium, qui facit per se.* There is no variance between the pleadings and the proof.

The complaint further alleges that, on a sale made by defendant to a purchaser brought to him by Hokosono, a commission was received in which plaintiff was entitled to share.

The answer denies liability, and pleads, as a separate defense, that the agreement alleged to have been entered into between the parties, being oral and not to be performed within a year, was void under the statute of frauds.

Another error assigned and argued is, that the court refused to give an instruction directing the jury that if they found that such agreement was not to be performed within a year, the verdict must be for the defendant. This instruction was rightly refused.

The statute of frauds makes void an oral contract not to be performed within one year only when such contract, by its terms, excludes performance within a year.

"The statute applies only to contracts which, by their terms, are not to be performed within the year, and not to contracts which may not be performed within that time." *Walker v. Johnson*, 96 U. S. 424.

. "The statute of frauds plainly means an agreement not to be performed within the space of a year, and expressly and specifically so agreed." *Woodall v. Manufacturing Co.*, 9 Colo. App. 198, 48 Pac. 670.

The contract to which the parties testified contained no terms which indicated that it was not to be performed within a year. It related, in the language of the plaintiff's testimony, to any deals consummated through the man whom he brought to the defendant as having prospective purchasers of land. It was therefore not required to be in writing.

It is next objected that there is evidence to the effect that defendant Clark was a partner of one Henning, and

that he cannot be held singly for a partnership debt. There is evidence to the effect that Henning and Clark were partners, but what was the partnership business, or whether it had any interest in this commission, does not appear. If, as a matter of fact, Clark was acting for a partnership in the matter, the objection should have been raised in the pleadings. Not having been so raised, it is waived. The testimony shows, however, that Clark was acting individually, so far as there is anything to show how he acted.

The instructions stated the issues fairly and fully, and advised the jury as to the law applicable to the case.

Finding no error in the record, the judgment is affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE DENISON concur.