(March 25, 1922.)

## T. H. SEDER, Respondent, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF NORTH DAKOTA, Appellant.

[206 Pac. 1052.]

CONTRACT—STATUTE OF FRAUDS—PLEADING AND PRACTICE.

1. It is not prejudicial error to set out distinct items of damages, resulting from the breach of a contract, in separate causes of action, and where the separate causes of action are not inconsistent, it is not error to deny a motion to require plaintiff to elect on which cause of action he will rely.

2. An agreement which, by its terms, is not to be performed within a year from the making thereof, is invalid and void unless the same, or some note or memorandum thereof, be in writing and subscribed by the party charged or his agent. But where the termination of a contract is dependent upon the happening of a contingency which may occur within a year it is not within the statute of frauds, although the contingency may not take place until after the expiration of a year.

3. A contract which, by its terms, is not to be performed within a year from the making thereof, is not taken out of the statute of frauds by a reservation of an option to cancel the contract by one or both of the parties thereto.

4. The statute of frauds is an enactment of substantive law. A contract required by the statute of frauds to be in writing is invalid and void unless a sufficient writing has been duly executed by the party charged.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action for damages for breach of contract. Judgment for plaintiff. *Modified.*

S. L. Tipton, for Appellant.

An action for a breach of a contract cannot be split up into two or more causes of action. There can be only one cause of action for the breach of a contract. (*Dennis v. Maxfield,* 10 Allen (Mass.), 138; *Hale v. Trout,* 35 Cal. 229; *Wells v. National Life Assn.,* 99 Fed. 222, 39 C. C. A. 476.)

The contract could not have been fully performed within one year from the making thereof, and therefore the verdict

Publisher's Note.

2. Whether contract which depends upon contingency for performance within one year is within statute of frauds, see notes in 4 Ann. Cas. 174; Ann. Cas. 1916E, 1136.

3. Contract not to be performed within one year but terminable at option of parties as within statute of frauds, see notes in 17 Ann. Cas. 207; Ann. Cas. 1912B, 731.

is against the instruction of the court. It was an agreement that by its terms was not to be performed within a year from the making thereof. (*Wickson v. Monarch Cycle Mfg. Co.*, 128 Cal. 156, 79 Am. St. 36, 60 Pac. 764; *Darknell v. Coeur d'Alene etc. Transp. Co.*, 18 Ida. 61, 108 Pac. 536; *Kerr v. Finch*, 25 Ida. 32, 135 Pac. 1165; *Houser v. Hobart*, 22 Ida. 735, 127 Pac. 997, 43 L. R. A., N. S., 410.)

"If agreement cannot be completely performed within one year, the fact that it may be terminated or further performance excused or rendered impossible by the deed of the promisee or of another person within a year is not sufficient to take it out of the statute of frauds." (*Doyle v. Dixon*, 97 Mass. 208, 93 Am. Dec. 80; *Sutcliffe v. Atlantic Mills*, 13 R. I. 480, 43 Am. Rep. 39; *Patten v. Hicks*, 43 Cal. 509.)

"The term begins to run from the date of the making of the contract." (*Okin v. Selidor*, 78 N. J. L. 54, 138 Am. St. 588, 590, and note, 78 Atl. 770.)

C. S. Hunter and J. P. Pope, for Respondent.

The causes of action alleged in complaint may be properly united. (Sec. 6688, C. S.; *Unfried v. Libert*, 20 Ida. 708, 119 Pac. 885; *Wells v. National Life Assn.*, 99 Fed. 222, 39 C. C. A. 476.)

The oral contract in question would not come within statute of frauds, as it might have been fully performed and terminated within a year. (*Darknell v. Coeur d'Alene etc. Transp. Co.*, 18 Ida. 61, 108 Pac. 536; Page on Contracts, sec. 676.)

RICE, C. J.—In this cause the amended complaint sets out two causes of action: The first for the purpose of recovering a balance claimed by plaintiff below, respondent here, to be due for commissions earned under a certain contract; the second, for loss of profits by reason of breach of the same contract.

Appellant specifies as error the action of the court in denying its motion to require respondent to elect upon which cause of action he would rely for recovery. While we are

of the opinion that it was not necessary to set out respondent's cause of action in two counts, yet no prejudice resulted to appellant from the form of pleading adopted. The two causes of action were not inconsistent, and there was no error in denying appellant's motion to require an election.

The jury returned a verdict for respondent, in a specified amount, upon each cause of action. Appellant contends that the evidence is insufficient to support the judgment. There was evidence to support the judgment upon the first cause of action. Since respondent, by his first cause of action, is seeking to recover for services rendered, that is, for commissions earned, the case falls within the rule announced in *Darknell v. Coeur d'Alene & St. Joe Transp. Co.*, 18 Ida. 61, 108 Pac. 536, and the discussion of the contract with relation to the statute of frauds, considered later in this opinion, does not apply to this cause of action.

In the amended complaint upon which the case was tried, respondent alleged that on May 1, 1918, he entered into an oral contract with appellant, under the terms of which he was to continue in the employment of appellant and have exclusive right to solicit members within the district specified in the agreement until the next regular session of the Grand Lodge of the Ancient Order of United Workmen of North Dakota, which session was to convene during the month of May, 1919. Upon the trial it appeared without controversy that the next regular session of the Grand Lodge was to convene on the twenty-first day of May, 1919, or more than a year after the contract was made.

With relation to that clause of the statute of frauds which provides that an agreement which, by its terms, is not to be performed within a year from the making thereof, is invalid unless in writing, it may be said that where the termination of a contract is dependent upon the happening of a contingency which may occur within a year, although it may not happen until after the expiration of a year, nevertheless, the contract is not within the statute of frauds, since it may be performed within a year. (25 R. C. L. 453;

20 Cyc. 200; *Clark v. Perdue,* 70 Colo. 589, 203 Pac. 655.)
By the weight of authority, however, a reservation of an
option to cancel a contract by one or both of the parties
does not of itself take the contract out of the statute.
(*Wagniere v. Dunnell,* 29 R. I. 580, 17 Ann. Cas. 205, 73
Atl. 309; *Biest v. Versteeg Shoe Co.,* 97 Mo. App. 137, 70
S. W. 1081; 25 R. C. L. 459.)

Upon referring to the record, it is found that all the evi-
dence of respondent tending to prove the terms of the
agreement was to the effect that an oral agreement was made
May 1, 1918, between respondent and appellant for the con-
tinuation of respondent's services until the regular meet-
ing of the Grand Lodge during the month of May, 1919.
The respondent testified that in the conversation relating to
the oral agreement his attention was called to the fact that
a special meeting of the Grand Lodge might be called. He
then testified as follows:

"Q. The calling of the special session, what effect would
that have, if any, upon the agreement which he was making
with you orally?

"A. If this special session was called, of course, they
might cancel my contract, might do away with commission
contracts entirely. It might be done away with."

This statement simply showed a reservation of a right
to cancel and did not take the contract out of the statute.

The provision of the constitution and by-laws of the order
to the effect that the grand master workman has power "To
appoint as many deputy grand master workmen as he may
deem expedient and to remove the same at will," amounts
to a reservation of an option to cancel in the matter of the
employment of deputy grand master workmen, of whom
respondent was one.

The wife of respondent testified as follows with reference
to the conversation on the 1st of May, 1918, in which it is
said that the agreement was made:

"Q. What, if anything, was said with reference to the
time under the new contract which Mr. Seder would remain
in this territory?

"A. As I remember it he said that he could not make a contract longer than the next meeting of the Grand Lodge which regular meeting convened sometime the following May, May, 1919, but that possibly there would be a special meeting called as the head of the organization, E. J. Moore, did not know where he was going to get his money from to pay the $15 a thousand to pay his deputies and also that they wanted to take women into the order.

"Q. Was there anything at that time [said] with reference to the effect such regular or special meeting would have upon this contract?

"A. Yes, sir, they said that if there was a special meeting of the Grand Lodge these contracts would have to be discontinued. That was the purpose for which it would be called."

A little later in her examination she was asked with reference to a conversation which occurred on June 4, 1918, more than a month after the alleged agreement was made. With regard to this conversation, the following is found in the record.

"Q. What, if anything, was said at that time further, with [reference] to the compensation and for the territory and including the length of time?

"A. The length of time was discussed just the same as it was previously and he said—Mr. Kilpatrick said—told him that he had no authority to make contracts beyond the next meeting of the Grand Lodge."

The testimony of Mrs. Seder does not purport to give the terms of the agreement between respondent and appellant. It relates to statements made by Mr. Kilpatrick during the conversation in which the alleged agreement was made. These statements appear to be explanatory or preliminary, rather than containing the terms of the agreement itself.

In this state, the statute of frauds has been held to be an enactment of substantive law. It is held that a contract required by the statute of frauds to be in writing is invalid, that is, has no existence, unless a sufficient writing has been duly executed. (*Kerr v. Finch,* 25 Ida. 32, 135 Pac. 1165;

*Houser v. Hobart,* 22 Ida. 735, 127 Pac. 997. 43 L. R. A.,
N. S., 410; *Allen v. Kitchen,* 16 Ida. 133, 18 Ann. Cas. 914,
100 Pac. 1052, L. R. A. 1917A, 563. See, also, *Owen v.
Riddle,* 81 N. J. L. 546, Ann. Cas. 1912D, 45, 79 Atl. 886.)

Not only did respondent allege a contract which could not
be performed within a year, but all the evidence of the
actual agreement made tended to prove that it was one in-
capable of performance within a year. Under both the
pleading and the proof, the agreement was invalid and void
and no damages for loss of future profits can be recovered
for its breach.

The judgment for the amount of the verdict returned
upon the first cause of action, together with costs, is affirmed.
The portion of the judgment represented by the verdict
upon the second cause of action is reversed. No costs
awarded on this appeal.

Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hear-
ing or take part in the opinion.