No. 15,876.

KUHLMANN *v.* McCORMACK.

(180 P. [2d] 863)

Decided May 5, 1947.

Mr. J. M. TAYLOR, for plaintiff in error.

Mr. J. CORBER SMITH, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and are hereinafter referred to as McCormack and Kuhlmann, respectively.

Kuhlmann and the public trustee of Morgan county (originally a defendant in his official capacity only, and not a party here) were proceeding with the foreclosure of a deed of trust to certain real estate to which McCormack held the fee. The latter, alleging an oral contract which barred foreclosure, brought injunction. She had judgment accordingly and to review that judgment Kuhlmann prosecutes this writ. His five specifications raise but three questions: 1. The evidence was insufficient to support the oral agreement; 2. If made, it was invalid for want of consideration; 3. The court erroneously held that Kuhlmann was estopped to foreclose.

September 29, 1944, McCormack executed and delivered to Kuhlmann her promissory note for $11,100 payable on or before ten years from date, $400 annually, beginning March 1 after date, interest at five per cent, payable semi-annually, secured by a deed of trust to the real estate in question, which provided that failure to pay interest when due should cause the total to become due at the option of the holder of the indebtedness. McCormack did not pay the interest due September 1, 1946. November 4, following, Kuhlmann began foreclosure. Nine days later this action was instituted. McCormack alleged that on July 26, 1945, the parties entered into an oral agreement that payment of interest due September 1 of each year would be postponed to such time as she "received money from the sale of crops raised on the property," and that the consideration therefor was that at such time she "pay the interest and principal due the first of March the following year, in addition to the past due interest." She further alleged that, relying thereon, she paid Kuhlmann $995 January

3, 1946, being "interest in full for the year 1945-1946 and the amount due on the principal March 1st, 1946." December 2, 1946 she tendered and deposited in the registry of the court $935 "interest and principal due and payable March 1, 1947" under the terms of the note and deed of trust as modified by the oral agreement.

1. Evidence as to the execution of the alleged oral agreement was conflicting, but the trial judge sustained it, designating the testimony accepted and rejected and certain external attendant facts which supported his conclusion. He saw and heard the witnesses and by his resolution we are concluded.

■ It is further contended that the oral agreement was void under the one year statute of frauds. '35 C.S.A., c. 71, §12. But since the original contract could have been performed and the entire indebtedness discharged within one year, which condition was in no respect modified by the oral agreement, the statute is not applicable. *Clark v. Perdue,* 70 Colo. 589, 203 Pac. 655; *Woodall v. Davis-Creswell Mfg. Co.,* 9 Colo. App. 198, 48 Pac. 670.

■ 2. Payment of interest and principal in advance of the due date constituted ample consideration for the oral agreement. 53 A.L.R. 522, 524.

■ 3. Against Kuhlmann's claim of right of foreclosure McCormack pleaded estoppel based on her reliance on the oral agreement and the resulting prejudice to her thereby. The agreement being established, that plea is good. 70 A.L.R. 993.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.