VIP FOODS, INC., Plaintiff-Appellee,

v.

VULCAN PET, INC.,
Defendant-Appellant.

No. 81–1273.

United States Court of Appeals,
Tenth Circuit.

March 22, 1982.

Rehearing Denied May 12, 1982.

R. Michael Booker and James L. Shores, Jr., of Shores & Booker, Birmingham, Ala., for defendant-appellant.

James R. Head of Head & Johnson, Tulsa, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and McKAY and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

This matter was set for oral argument, but for the convenience of counsel was continued. Thereafter, this three-judge court unanimously determined, after examining the briefs and the appellate record, that oral argument would not be of material assistance in the determination of this appeal. In addition, the court solicited specific briefing on the point which is determinative of this appeal. *See* Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a district court order awarding $18,535.00 in attorneys' fees to the plaintiff in a suit seeking relief under the Oklahoma Deceptive Trade Practices Act, Okla.Stat.Ann. tit. 78, §§ 51–55, and the Federal Trade-Mark (Lanham) Act, 15 U.S.C. §§ 1051–1127. Plaintiff uses the registered trademark "VIP" on various food products for human consumption; defendant manufactures and sells pet food under the mark "V.I.P." The defendant was found liable for violations of both the federal and state statutes, although the court found "no intent to deceive or confuse the public, or to infringe on plaintiff's trademark." Record, vol. 1, at 26. The trial court also found that plaintiff had suffered "no ascertainable damage or loss of profits from defendant's use of the V.I.P. mark, but is likely to suffer damage in the form of loss of sales in the future if defendant continues to use that mark." *Id.* at 21. Therefore, defendant was enjoined from using the V.I.P. trademark in the future. The court also determined that plaintiff was entitled to reasonable attorneys' fees. The sole issue on appeal is whether the trial judge correctly awarded attorneys' fees under either the Lanham Act or the Oklahoma Deceptive Trade Practices Act.

## I. *Lanham Trade-Mark Act*

Section 1117 of Title 15 of the United States Code states that, under the Lanham Act, "[t]he court in *exceptional cases* may award reasonable attorney fees to the prevailing party." (Emphasis added). The legislative history suggests that an "exceptional case" is one in which the trademark infringement can be characterized as "malicious," "fraudulent," "deliberate," or "willful." S.Rep.No.93–1400, 93rd Cong., 2d Sess., *reprinted* in [1974] U.S.Code Cong. & Ad.News 7132, 7133.

The facts in this case as found by the district court do not indicate that this is an exceptional case. The evidence shows and the court also found that plaintiff had suffered no ascertainable damage or loss of profits because of defendant's use of the V.I.P. mark. Furthermore, the court found that defendant had no intent to deceive or confuse the public or to willfully infringe upon plaintiff's trademark. *See Vuitton Et Fils, S. A. v. Crown Handbags*, 492 F.Supp. 1071, 1078–79 (S.D.N.Y.1979), *aff'd*, 622 F.2d 577 (2d Cir. 1980). In our view, this is not a case that warrants an award of attorneys' fees under 15 U.S.C. § 1117.

## II. *Oklahoma Deceptive Trade Practices Act*

Section 4(b) of the Oklahoma Deceptive Trade Practices Act states:

In any action instituted under the provisions of this act, the court may, in its discretion, award reasonable attorneys' fees to the prevailing party. If in any such action the court finds either (1) that the defendant has willfully engaged in a deceptive trade practice or (2) that the plaintiff has acted in bad faith in instituting the action, the court shall award reasonable attorneys' fees to the prevailing party.

Okla.Stat.Ann. tit. 78, § 54(b). Unlike the provisions of the federal statute, this section permits a court, in its discretion, to award reasonable attorneys' fees without regard to the degree of the defendant's culpability. In this case, the trial court

found that defendant had violated § 3(a)(1) of the Act by passing off its goods as those of the plaintiff. Defendant claims that the facts found by the district court do not support a violation of the Oklahoma statute. Specifically, defendant claims that none of the acts constituting a deceptive trade practice occurred in Oklahoma. This claim has no merit because the pre-trial order lists as an admitted fact that defendant's products "have been sold in . . . the states of Oklahoma and Texas." There is, however, a more fundamental problem with the application of the Oklahoma statute in this case.

The Oklahoma Supreme Court construed the Deceptive Practices Act in *Bell v. Davidson*, 597 P.2d 753 (Okl.1979), to require a showing that "[d]efendants [are] *in competition* with plaintiff" as a prerequisite to enjoining the use of a plaintiff's trademark under the Act in a case involving non-distinctive trademarks. *Id.* at 755 and 756 (emphasis added). In the present case the district court specifically found that "the parties are not in competition, and there is no likelihood that they will be in the future." Record, vol. 1, at 19. This finding was not challenged on appeal, and based on the record, is not clearly erroneous. The specific findings of the district court, therefore, do not support a claim under the Oklahoma Act as interpreted by the Supreme Court of that state. We conclude that the district court erred in finding that defendant had violated the Oklahoma Deceptive Practices Act, and that an award of attorneys' fees under that act was improper.

The award of attorneys' fees by the district court is REVERSED.