**F I L E D**
United States Court of Appeals
Tenth Circuit

**SEP 4 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAMES S. BISHOP, d/b/a Essence of
Life,

      Plaintiff - Appellant and Cross-
      Appellee,

v.

EQUINOX INTERNATIONAL
CORP., a Nevada corporation,

      Defendant - Appellee and
      Cross-Appellant.

No. 97-5161
& 97-5167

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 96-CV-6-E)**

---

William S. Dorman, Dorman & Gilbert, P.A., Tulsa, Oklahoma, for the Plaintiff -
Appellant.

Mack J. Morgan, III (D. Kent Meyers with him on the brief), Crowe & Dunlevy,
P.C., Oklahoma City, Oklahoma, for the Defendant - Appellee.

---

Before **BALDOCK** , **BRORBY** and **LUCERO** , Circuit Judges.

---

**LUCERO** , Circuit Judge.

This appeal arises out of a trademark infringement and unfair competition action filed by James S. Bishop against Equinox International Corporation ("Equinox"), alleging a violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). We consider for this Circuit whether an accounting of profits pursuant to 15 U.S.C. § 1117(a) requires proof of actual damages.

Following a bench trial, the district court concluded that a likelihood of confusion existed and enjoined Equinox from the use of Bishop's "Essence of Life" trademark. In addition, the district court determined that the circumstances of the case were exceptional, and awarded attorney fees to Bishop. Both parties are dissatisfied with the result. Bishop contends that he is entitled to an accounting of profits. Equinox, in contrast, asserts that Bishop abandoned his trademark and, alternatively, that the attorney fee award was an abuse of discretion. Because we conclude that an accounting of profits pursuant to § 1117(a) does not require a showing of actual damages, we reverse and remand.

**I**

James Bishop sells a product described as "a mineral electrolyte solution in both liquid and capsule form" under the name "Essence of Life." Appellant's App. at 37 (Dist. Ct. Findings of Fact, ¶ 5). [1] In 1988, Bishop registered this name

---

[1] Apparently, this product is intended "for use in humans, plants and animals." Appellant's App. at 38 (Dist. Ct. Findings of Fact, ¶ 8).

with the United States Patent and Trademark Office ("PTO"). He subsequently filed an Affidavit of Continuing Use with that office pursuant to 15 U.S.C. § 1058(a).

In 1995, Bishop discovered that Equinox was marketing a dietary supplement under the name "Equinox Master Formula Essence of Life Liquid Mineral Complex." He informed Equinox that it was infringing on his trademark and requested that it cease and desist from further infringement. In response, Equinox's attorney informed Bishop that it had "decided to replace the phrase 'Essence of Life' on its Equinox Master Formulas product." Appellant's App. at 61.

Equinox, however, continued its use of the mark. Bishop filed suit seeking injunctive relief, damages, an accounting of profits, and attorney fees. The district court granted Bishop's application for a permanent injunction against use of its "Essence of Life" mark by Equinox, but, finding no actual damages, denied his request for monetary relief. The trial court also concluded that Equinox's refusal to honor its cease and desist commitment justified an award of attorney fees.

## II

As an initial matter, we must determine whether, as Equinox claims, the district court erred in concluding that Bishop had not abandoned his trademark.

See 15 U.S.C. § 1115(b)(2) (stating that abandonment is a defense to trademark infringement action).  Equinox does not challenge the district court's application of the law; rather, it contends that the court's findings of fact on this issue were clearly erroneous.  We affirm the district court unless such findings are "without factual support in the record, or, although there is evidence to support [them], we are left after a review of the entire record with a definite and firm conviction that a mistake has been committed."    In re Hamilton Creek Metro. Dist.  , 143 F.3d 1381, 1384 (10th Cir. 1998);    see also  Friedman v. Sealy, Inc.  , 274 F.2d 255, 257 (10th Cir. 1959) (applying clear error review to district court's determination of non-abandonment).

According to Equinox, the evidence at trial established that Bishop had not used his mark from "mid-1990 or 1991 until 1996."  Appellee's Br. at 27;    see 15 U.S.C. § 1127 ("Nonuse for 3 consecutive years shall be prima facie evidence of abandonment.").  This is contrary to the district court's finding that, although Bishop's was a "small-scale . . . modest operation," the evidence of use precluded a determination of abandonment.  Appellant's App. at 41 (Dist. Ct. Findings of Fact, ¶ 22).

On our review of the record, we note that the testimony and written report of Equinox's expert witness establish that, during the period in question, Bishop sold for human consumption an average of 98 bottles of his product per year.    See

III Appellee's App. at 79; I id. at 120. Moreover, Equinox concedes that "Bishop never ceased sale of his product." Appellee's Br. at 28. We conclude that the district court's abandonment determination was not clearly erroneous.

**III**

We turn to Bishop's claim that the district court erred when it determined that he was not entitled to an accounting of Equinox's profits. Monetary recovery for a violation of trademark rights is governed by 15 U.S.C. § 1117. Bishop argues that, pursuant to § 1117(a), he is entitled to the profits earned by Equinox from the infringement of his mark and that the trial court's statement of the applicable law is erroneous. [2] The district court concluded, "Plaintiff has not

---

[2] Section 1117(a) states:

When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, or a violation under section 1125(a) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum

(continued...)

established entitlement to any actual damage[s] and is therefore not entitled to any portion of Defendant's profits." Appellant's App. at 44 (Dist. Ct. Conclusions of Law, ¶ 10). We agree that this is an erroneous statement of law.

An accounting of profits is not automatically granted upon a showing of infringement. See Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 131 (1947). Rather, the propriety of such relief is determined by equitable considerations. See id.; 15 U.S.C. § 1117(a) (entitlement to defendant's profits is "subject to the principles of equity"). Consequently, "the district court has wide discretion to fashion an appropriate remedy." BASF Corp. v. Old World Trading Co., 41 F.3d 1081, 1092 (7th Cir. 1994); see also 15 U.S.C. § 1117(a) ("If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case."). Absent an abuse of that discretion, we will not overturn the remedy imposed by the district court. See id.

---

[2](...continued)
as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a).

Contrary to the rule applied by the district court, "[t]he unavailability of actual damages as a remedy . . . does not preclude [plaintiff] from recovering an accounting of [defendant's] profits." International Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc., 80 F.3d 749, 753 (2d Cir. 1996). There are two widely recognized rationales for awarding profits to a plaintiff who cannot demonstrate that he or she has suffered damages as a consequence of the infringement: preventing unjust enrichment and deterring willful infringement.

A number of courts recognize that a trademark is a protected property right. See Maltina Corp. v. Cawy Bottling Co., 613 F.2d 582, 585 (5th Cir. 1980); Maier Brewing Co. v. Fleischman Distilling Corp., 390 F.2d 117, 121 (9th Cir. 1968). The infringer's use of the markholder's property to make a profit results in unjust enrichment that may properly be remedied through an award of profits, "even if the defendant and plaintiff are not in direct competition." Maltina Corp., 613 F.2d at 585. But see George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1537-38 (2d Cir. 1992) (analyzing theory of unjust enrichment and concluding that award of profits under this theory requires proof of actual consumer confusion or willfully deceptive infringement). This theory of unjust enrichment has long been the rule in this Circuit. In Blue Bell Co. v. Frontier Refining Co., 213 F.2d 354 (10th Cir. 1954), we stated:

> Out of the welter of confusion occasioned by the judicial effort to fashion a remedy which would satisfy both legal and equitable

concepts of appropriate relief for patent and trade-mark infringements, the courts have now settled on the theory that a trademark infringer is liable as a trustee for profits accruing from his illegal acts, even through the owner of the mark was not doing business in the consuming market where the infringement occurred.

213 F.2d at 362-63.

Additionally, several of our sister circuits have recognized that an award of profits may be proper, absent a showing of actual damage, as a deterrent to willful infringement. See, e.g., George Basch Co., 968 F.2d at 1539-40 (requiring proof of willfully deceptive infringement); Burger King Corp. v. Mason, 855 F.2d 779, 781 (11th Cir. 1988) (requiring proof of deliberate infringement); Playboy Enters., Inc. v. Baccarat Clothing Co., 692 F.2d 1272, 1274-75 (9th Cir. 1982) (requiring proof of deliberate infringement).

Notwithstanding the existence of these theories of recovery, we recognize that a finding of actual damage remains an important factor in determining whether an award of profits is appropriate. See George Basch Co., 968 F.2d at 1539, 1541; Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc., 951 F.2d 684, 695 (5th Cir. 1992). More importantly, we are mindful that an award of profits requires a showing that defendant's actions were willful or in bad faith. See Tommy Hilfiger, 80 F.3d at 753; ALPO Petfoods, Inc. v. Ralston Purina Co., 913 F.2d 958, 968 (D.C. Cir. 1990); Bandag, Inc. v. Al Bolser's Tire Stores, Inc., 750 F.2d 903, 921 (Fed. Cir. 1984); see also Restatement (Third) of Unfair

Competition § 37(1)(a) (1995) (premising award of profits on showing that "the actor engaged in the conduct with the intention of causing confusion or deception"). Requiring a showing of willfulness before profits are awarded is an appropriate limitation in light of the equitable considerations underlying the monetary recovery provisions of the Lanham Act. As the court in George Basch Co. stated:

> While damages directly measure the plaintiff's loss, defendant's profits measure the defendant's gain. Thus, an accounting may overcompensate for a plaintiff's actual injury and create a windfall judgment at the defendant's expense.

968 F.2d at 1540; see also ALPO Petfoods, Inc., 913 F.2d at 969 (concluding that "deterrence is too weak and too easily invoked a justification for the severe and often cumbersome remedy of a profits award," and therefore "deterrence alone cannot justify such an award").

The trial court's conclusion that absent a showing of actual damages an award of profits was unavailable is necessarily an abuse of discretion. See Frontier Refining Inc. v. Gorman-Rupp Co., 136 F.3d 695, 704 (10th Cir. 1998) (noting that a conclusion that is faulty as a matter of law constitutes an abuse of discretion). We must therefore inquire whether application of the correct standard would have led to a similar result. The findings of fact recite that Equinox may have acted with the degree of willfulness necessary for an award of profits. The lower court concluded: "Defendant's failure to honor its attorneys'

- 9 -

cease and desist commitment constituted a trademark infringement which was deliberate or willful." Appellant's App. at 40 (Dist. Ct. Findings of Fact, ¶ 19). It also implied that Equinox's actions may have been motivated by "the economic weakness of the Plaintiff." Id. at 41 (Dist. Ct. Findings of Fact, ¶ 20); cf. Tommy Hilfiger, 80 F.3d at 754 (concluding that defendant's continued use of trademark "betting on the fact that [plaintiff] would not prevail in its suit" amounted to bad faith); Stuart v. Collins, 489 F. Supp. 827, 831-32 (S.D.N.Y. 1980) (finding that defendant willfully infringed by continuing to use mark after plaintiff's demand that it cease, giving "short shrift to plaintiff's claim out of arrogance and confidence that he would not mount any significant legal attack").

Given these factual findings, none of which we find clearly erroneous on the record before us, we cannot say with any certainty that the district court, applying the correct legal standard, would impose an identical award. We are therefore required to remand to the district court for a determination of whether an award of profits is appropriate under the circumstances of this case. [3]

**IV**

We are also asked by Equinox to reverse the district court's award of attorney fees. Our review is for abuse of discretion. See Harris v. Champion, 15

---

[3] In remanding, we express no opinion as to what, if any, award of profits might be appropriate. We note only that the award of monetary relief pursuant to 15 U.S.C. § 1117 is subject to equitable considerations.

F.3d 1538, 1573 (10th Cir.1994). "Underlying factual findings will only be upset when clearly erroneous. However, a district court's statutory interpretation or legal analysis which provides the basis for the fee award is reviewable de novo." Id. (quoting Homeward Bound, Inc. v. Hissom Memorial Ctr., 963 F.2d 1352, 1355 (10th Cir. 1992).

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). This court has interpreted an "exceptional case" as "one in which the trademark infringement can be characterized as 'malicious,' fraudulent,' 'deliberate,' or 'willful.'" VIP Foods, Inc. v. Vulcan Pet, Inc., 675 F.2d 1106, 1107 (10th Cir. 1982) (quoting S. Rep. No. 93-1400 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7133). Although an absence of actual damages is a factor in determining whether a case is exceptional, see id. at 1107, such absence does not preclude a fee award, see Post Office v. Portec, Inc., 913 F.2d 802, 812 (10th Cir. 1990), vacated on other grounds, 499 U.S. 915 (1991).

The district court found Equinox's infringement of Bishop's mark to be "deliberate or willful." Appellant's App. at 40 (Dist. Ct. Findings of Fact, ¶ 19). This conclusion was based on Equinox's failure to cease and desist from use of the "Essence of Life" mark despite its written commitment to do so. The court found that Equinox's decision to continue using the mark was not based on a

reasonable belief that Bishop had abandoned the mark, but was instead premised on the relative economic weakness of Bishop's operation. After reviewing the record, we are not left with "a definite and firm conviction that a mistake has been committed." In re Hamilton Creek Metro. Dist., 143 F.3d at 1384. We accordingly decline to reverse the attorney fee award.

V

We do not readily reverse and remand a district court's award of monetary relief for trademark infringement. We recognize that trial courts are granted wide discretion in fashioning an equitable remedy pursuant to 15 U.S.C. § 1117. In this case, however, we are concerned that the district court may have erroneously limited its discretion by applying an improper legal standard. We therefore **REVERSE** the denial of an award of profits and **REMAND** so that the district court, consistent with this opinion, may fashion a remedy that "will satisfy the equities of the case." Champion Spark Plug, 331 U.S. at 131. We **AFFIRM** the district court's determination that Bishop did not abandon his trademark, as well as the award of attorney fees.