**PROFESSIONAL BULL RIDERS, INC.,** a Colorado corporation, Plaintiff–Counterdefendant–Appellant/Cross–Appellee,

v.

**AUTOZONE, INC.,** Defendant–Counterclaimant–Appellee/Cross–Appellant.

Speedbar, Inc., Intervenor–Appellee/Cross–Appellant.

Nos. 03–1544, 04–1029.

United States Court of Appeals, Tenth Circuit.

Feb. 3, 2005.

John M. Lebsack, William K. Rounsborg, White & Steele, Denver, CO, for Defendant–Counterclaimant–Appellee/ Intervenor–Appellee/Cross–Appellant.

Before HENRY and LUCERO, Circuit Judges, and BRACK, District Judge.*

---

**1.** Defendant's Motion to Stay Decision is also denied.

\* The Honorable Robert C. Brack, United States District Judge for the District of New Mexico, sitting by designation.

## CERTIFICATION OF QUESTION OF STATE LAW

HENRY, Circuit Judge.

The United States Court of Appeals for the Tenth Circuit, pursuant to 10th Cir. R. 27.1 and Colorado Appellate Rule 21.1, desires to submit to the Colorado Supreme Court a request that the Colorado Supreme Court exercise its discretion to accept the following important certified question of Colorado law, which may be determinative of this case now pending in this court, and as to which there appears to be no controlling precedent:

**Under Col.Rev.Stat. § 38–10–112(1)(a), is an oral agreement void when: (1) the agreement contemplates performance for a definite period of more than one year but (2) allows the party to be charged an option to terminate the agreement by a certain date less than a year from the making of the agreement and when (3) the party to be charged has not exercised that option to terminate the agreement?**

## I. BACKGROUND

In the years leading up to this dispute, the defendant Autozone sponsored events conducted by the plaintiff Professional Bullriders, Inc. (PBR). For the years 2001 and 2002, PBR prepared a written agreement to provide for Autozone's sponsorship.

Section I of the agreement states:

The term of this agreement shall commence as of December 29, 2000 and end on, December 31, 2002 unless terminated earlier in accordance with the provisions of this Agreement. Notwithstanding the preceding sentence, Autozone may, at its option, elect to terminate this Agreement and its sponsorship of PBR and the Series effective as of the end of the Finals in 2001, by giving PBR written notice of termination by no later than August 15, 2001.

Aplt's App. at 18.

Autozone never executed this agreement. However, PBR alleges that by its actions, Autozone tacitly accepted the terms set forth in the proposed written agreement and that, as a result, the parties entered in to an oral agreement mirroring the terms set forth in writing.

There appears to be a factual dispute as to the communications between the parties during 2001. However, it appears undisputed that, in January 2002, Autozone notified PBR that Autozone would not be sponsoring PBR events in 2002. However, despite this notice, Autozone alleges, "PBR continued to use Autozone's protected trade name and service mark for an indeterminate period of time in its programs." Aple's Br. at 6.

PBR then sued Autozone for breach of the oral sponsorship agreement. Speedbar, a wholly-owned subsidiary of Autozone and the owner of the trade name and service mark "Autozone," intervened. Autozone and Speedbar filed a counterclaim alleging service and trademark infringement, unfair competition, and service mark dilution.

As to PBR's breach of contract claim, the district court granted summary judgment to Autozone. The court reasoned that the oral contract could not be performed within a year and was therefore unenforceable under the Colorado statute of frauds, Col.Rev.Stat. § 38–10–112, which provides, in part:

(1) Except for contracts for the sale of goods ... and lease contracts ..., in the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof is in writing and subscribed by the party charged therewith:

(a) Every agreement that by the terms is not to be performed within one year after the making thereof.

The district court explained:

Although no Colorado court has ruled on the question of whether the statute of frauds governs an oral contract which, by its express terms, is to last for more than one year but which contains a provision allowing one party to terminate the contract before the end of the first year, case law from other jurisdictions indicates that the statute of frauds will bar an action on verbal agreements that the parties intend to put into writing. For example, in *Klinke v. Famous Recipe Fried Chicken, Inc.*, 24 Wash.App. 202, 600 P.2d 1034 (1979), after noting the general rule that "a verbal agreement to put in writing a contract which will require more than a year to be performed is within the statute of frauds and thus unenforceable," 600 P.2d at 1037, the court held that "the fact that either party has an option to put an end to the contract within a year does not take it out of the operation of the statute if, independent of the exercise of such power, the agreement cannot be performed within a year." *Id.* at 1038.

Aplt's App. at 114–15. The district court reasoned that the purported oral contract provided for a term of two years and was thus unenforceable.[2]

We agree with the district court that published Colorado decisions do not appear to have definitively resolved this issue. The Colorado Supreme Court has stated that § 38–10–112(1)(a) "applies only to oral contracts which, by their terms, are not to be performed in one year, and not the contracts which merely may not be performed within that period." *See Clark v. Perdue*, 70 Colo. 589, 203 P. 655, 656

(1922) (internal quotation marks omitted). The court has also stated that if the contract "could have been performed" within one year, "the statute [of frauds] is not applicable." *See Kuhlmann v. McCormack*, 116 Colo. 300, 180 P.2d 863, 864 (1947). However, neither *Clark* nor *Kuhlmann* involves an alleged oral contract with a clause allowing termination within less than a year, and it is thus not clear from those cases how § 38–10–112(1)(a) would be applied to an oral contract with such a termination clause.

In an unpublished decision, the Colorado Court of Appeals has concluded that an oral agreement that could have been terminated within a year was not rendered void by the statute of frauds. *See Central W. Sales v. RBM Precision Metal Prods., Inc.*, No. 00CA1373 (Colo.Ct.App. Sept. 6, 2001). However, that ruling is not precedential, *see Bittle v. Brunetti*, 750 P.2d 49, 52 n. 2 (Colo.1988) ("[U]npublished decisions are not binding precedent[.]"), and we are thus reluctant to apply it here.

Moreover, this question has divided courts and scholars. As the district court noted, a number of courts have held that " 'the fact that either party has an option to put an end to the contract within a year does not take it out of the operation of the statute of frauds if, independent of the exercise of such power, the agreement cannot be performed within a year.' " Aplt's App. at 114–15 (quoting *Klinke v. Famous Recipe Fried Chicken, Inc.*, 24 Wash.App. 202, 600 P.2d 1034, 1037 (1979)). However, "[t]here is a strong contrary view." E. Allan Farnsworth, Farnsworth on Contracts § 6.4 at 129–30 (2d ed.1998) (noting split of authority and collecting cases).

As Professor Farnsworth explains:

2. However, as to Autozone's and Speedbar's trademark infringement claims, the court

granted summary judgment to PBR.

[S]ome courts have held that a contract is within the statute even though it provides that one or both parties have the power to terminate the contract within one year of its making. *Termination* is distinguished from *performance* just as excuse is distinguished from performance. Thus, a contract in which A is to work for B and B is to employ A for five years is within the one-year provision, even if either A or B can both terminate at any time on thirty days' notice. There is a strong contrary view, with a growing number of courts coming to regard a contract as not within the statute if one, or sometimes both, parties can terminate it within a year of its making. The *Restatement Second* seems in accord.

*Id.* (footnotes omitted).

Professor Corbin's treatise also notes the split of authority:

There are some contracts providing for a performance that certainly cannot take place within one year, but providing further that one of the parties shall have the privilege and power of terminating the contract by giving notice and ending the required performance within one year from the making. Such a contract as this should be held not within the one year clause but a good many cases take the contrary view.

. . . .

The *Restatement (Second) of Contracts* offers little assistance as to the effect of termination provisions, as indicated by its having been cited in support of contrary conclusions. Nevertheless, its acknowledgment that "the distinction between performance and excuse for nonperformance is sometimes tenuous; it depends on the terms and the circumstances, particularly on whether the essential purposes of the parties will be attained" is a cogent point for courts that must decide which position to take in these cases.

4 Caroline N. Brown, Corbin on Contracts, § 19.6, at 601, 603–04 (Joseph M. Perillo, ed., rev. ed.1997) (quoting Restatement (Second) of Contracts § 130 (1981))

## II. CONCLUSION

In light of this split of authority and the lack of precedential decisions on point, this court concludes that the Colorado Supreme Court should be afforded the opportunity to decide this important question. Accordingly, we conclude that we should submit the certified question to the Colorado Supreme Court. That court may answer the question pursuant to Colorado Appellate Rule 21.1.

Therefore, the undersigned judge of the panel submits this certification to the Colorado Supreme Court. The Clerk of this court is directed to transmit a copy of this certification to counsel for all parties to the proceedings in this court. The Clerk shall also submit to the Clerk of the Colorado Supreme Court a copy of this certification order, together with copies of the briefs filed in this court, and either the original or a copy of the record as filed in this court by the Clerk of the United States District Court for the District of Colorado. We greatly appreciate the consideration of this request.

This appeal and the cross-appeal filed by Autozone, No. 04–1029, are ordered STAYED pending resolution of the certified question.