**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PROFESSIONAL BULL RIDERS,
INC., a Colorado corporation,

      Plaintiff-Appellant/Cross-
      Appellee,

v.

AUTOZONE, INC., a Nevada
corporation,

      Defendant-Appellee/Cross-
      Appellant,

SPEEDBAR, INC.,

      Intervenor-Counterclaimant-
      Cross-Appellant.

Nos. 03-1544 and 04-1029
D.C. No. 02-D-841 (DES)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, LUCERO,** Circuit Judges, and **BRACK**, District Judge.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and
judgment may be cited under the terms and conditions of 10 TH CIR. R. 36.3.

[**] The Honorable Robert C. Brack, United States District Judge for the District of
New Mexico, sitting by designation.

Professional Bull Riders, Inc. (PBR) filed this breach of contract action against AutoZone, arguing that AutoZone entered into and then breached an oral agreement to sponsor certain PBR events during 2001 and 2002: the Bud Light Cup Professional Bull Rider Series and the Related Championship Finals. In response, AutoZone argued that the agreement could not be performed within a year and was therefore void under the Colorado statute of frauds, Colo. Rev. Stat. § 38-10-112. AutoZone and Speedbar, Inc. (its wholly- owned subsidiary and the owner of the trademark "AutoZone") also asserted counterclaims for service mark infringement, trademark infringement, unfair competition, and service mark dilution.

The district court granted summary judgment to AutoZone on PBR's breach of contract claim. However, as to the trademark infringement counterclaims, the court ruled against AutoZone and Speedbar, granting summary judgment to PBR on the grounds that AutoZone and Speedbar had failed to offer any evidence that they had suffered actual damages.

The parties appealed, and, in a prior order, we certified a question involving the Colorado statute of frauds to the Colorado Supreme Court. See Professional Bull Riders, Inc. v. AutoZone, Inc., Nos. 03-1544, 04-1029, 2005 WL 34494801 (10th Cir. Feb 03, 2005). The Colorado Supreme Court has now answered our question. See Professional Bull Riders, Inc. v. AutoZone, Inc., 113

P.3d 757 (Colo. 2005). In light of that answer, we conclude that the district court erred in granting summary judgment to AutoZone on PBR's breach of contract claim. We further conclude that the district court erred in granting summary judgment to PBR on the counterclaims asserted by AutoZone and Speedbar. We therefore reverse the district court's decisions and remand for proceedings consistent with this order and judgment.

## I. BACKGROUND

In the years leading up to this dispute, AutoZone sponsored events conducted by PBR. For the years 2001 and 2002, PBR prepared a proposed written agreement to provide for AutoZone's sponsorship.

Section I of that document states:

> The term of this Agreement shall commence as of December 29, 2000 and end on December 31, 2002, unless terminated earlier in accordance with the provisions of this Agreement. Notwithstanding the preceding sentence, AutoZone may, at its option, elect to terminate this Agreement and its sponsorship of PBR and the [Bud Light Cup Professional Bull Rider] Series and the Related effective as of the end of the [Championship] Finals in 2001, by giving PBR written notice of termination by no later than August 15, 2001.

Aplt's App. at 18.

AutoZone never executed this document. However, PBR alleges that by its actions, AutoZone tacitly accepted its terms and that, as a result, the parties entered into an oral agreement mirroring the terms set forth in writing.

There appears to be a factual dispute as to the communications between the parties during 2001. However, it appears undisputed that, in January 2002, AutoZone notified PBR that AutoZone would not be sponsoring PBR events in 2002. Despite this notice, AutoZone alleges, PBR continued to use AutoZone's protected trade name and service mark.

PBR then filed this action against AutoZone, alleging breach of the oral sponsorship agreement. Speedbar, a wholly-owned subsidiary of AutoZone and the owner of the trade name and service mark "AutoZone," intervened. AutoZone and Speedbar filed counterclaims alleging service and trademark infringement, unfair competition, and service mark dilution under the Federal Trademark Act, 15 U.S.C. §§ 1114 and 1125 and the common law. They contended that PBR had displayed the "AutoZone" mark without permission. They sought declaratory and injunctive relief and an order that PBR return profits resulting from alleged unauthorized used of the "AutoZone" mark.

As we have noted, the district court granted summary judgment to AutoZone on PBR's breach of contract claim. The court applied the Colorado statute of frauds, Colo. Rev. Stat. § 38-10-112, which provides, in part:

(1) Except for contracts for the sale of goods . . . and lease contracts . . . , in the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof is in writing and subscribed by the party charged therewith:

(a) Every agreement that by the terms is not to be performed within one year after the making thereof.

Citing the provision of the alleged PBR-AutoZone agreement that allowed AutoZone to terminate the agreement after one year, the district court reasoned that "'the fact either party has an option to put an end to the contract within a year does not take it out of the operation of the statute if, independent of the exercise of such power, the agreement cannot be performed within a year." Aplt's App. at 114-15 (Order, filed Dec. 18, 2003) (quoting Klinke v. Famous Recipe Fried Chicken, Inc., 600 P.2d 1034, 1038 (Wash. Ct. App. 1979)). Because the alleged agreement was not in writing, the district court concluded, the agreement was void under § 38-10-112(1)(a).

The district court also granted summary judgment to PBR on AutoZone's and Speedbar's counterclaims. The court reasoned that AutoZone and Speedbar had failed to offer any evidence that they had suffered actual damages.

The parties appealed, and we then certified the following question to the Colorado Supreme Court:

Under Colo. Rev. Stat. § 38-10-112(1)(a), is an oral agreement void when: (1) the agreement contemplates

performance for a definite period of more than one year but (2) allows the party to be charged an option to terminate the agreement by a certain date less than a year from the making of the agreement and when (3) the party to be charged has not exercised that option to terminate the agreement?

See Professional Bull Riders, Inc. v. AutoZone, Inc., Nos. 03-1544, 04-1029, 2000 WL 34494801 (10th Cir. Feb 03, 2005).

The Colorado Supreme Court has now answered our question. See Professional Bull Riders, 113 P.3d at 759-61. Analyzing the alleged agreement between PBR and Autozone, the court concluded that it "expressly provided, by its own terms, an alternative performance that could be completed in less than a year." Accordingly, the statute of frauds did not apply:

> Because exercise of the option to terminate could reasonably be construed, by the terms of the agreement, to constitute complete performance of AutoZone's sponsorship obligation, whether or not it effectively exercised that option, nothing in § 38-10-112(1)(a), C.R S. (2004), renders the agreement void. We therefore answer the certified question in the negative.

Professional Bull Riders, 113 P.3d at 761-62.

## II. DISCUSSION

PBR challenges the district court's application of the Colorado statute of frauds, Col Rev. Stat. § 38-10-112(1)(a), to foreclose in breach of contract claim. In their cross-appeal, AutoZone and Speedbar maintain that the district court erred

-6-

in ruling that they could not prevail on their counterclaims because they had failed to offer evidence of actual damages.

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Coldesina v. Estate of Simper, 407 F.3d 1126, 1131 (10th Cir. 2005). "Summary judgment is appropriate 'if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ .P. 56(c). Because we are sitting in diversity, we look to the law of the forum state, here Colorado. Houston Gen. Ins. Co. v. Am. Fence Co., 115 F.3d 805, 806 (10th Cir.1997).

### A. PBR's Breach of Contract Claim

In challenging the district court's ruling on its breach of contract claim, PBR urges this court to adopt the view that a contract subject to a right of termination by either party within one year is not within the statute of frauds, even though, absent the termination clause, the contract could not be performed within one year. In response, AutoZone acknowledges a split of authority on this issue. However, it contends, the better view is that a right to terminate an oral agreement within one year does not render that agreement enforceable if, absent the termination clause, the agreement could not be performed within one year.

In considering the facts of this case and responding to our certified question, the Colorado Supreme Court concluded that the alleged agreement was not barred by the statute of frauds, though its reasoning differed from PBR's. The court concluded that the alleged oral agreement between PBR and AutoZone "provided AutoZone with two alternative ways of satisfying its obligations as contemplated by the agreement." Professional Bull Riders, 113 P.3d at 761. In particular, "[a]lthough the agreement contemplated performance for two seasons . . . , if AutoZone chose that option, it also contemplated that AutoZone could completely perform its obligation by sponsoring PBR for one full season." Id. The fact that AutoZone could fully perform the agreement within one year was controlling:

> Under the circumstances of this case, it is unnecessary for us to decide whether an option to terminate a contract must always be construed as an alternative and sufficient means of performance. Where the terms of an agreement can fairly and reasonably be interpreted to define alternate obligations, one or more of which can be performed within one year, the agreement in question may be fairly and reasonably interpreted such that it may be performed within one year. The one-year provision therefore does not bring such an agreement within the statute of frauds. And at least where, as here, the word "terminate" not only applies to the agreement itself but expressly limits the electing party's performance obligation to a specific task-sponsorship for one season-an interpretation of the election as defining alternate obligations is not only fair and reasonable, it is clear.

Id. (citation omitted).

-8-

The Colorado Supreme Court's ruling establishes that the district court erred in holding that the statute of frauds rendered the alleged agreement void. Accordingly, we must remand this case for further proceedings on PBR's breach of contract claim.

B.  AutoZone and Speedbar's Cross-Appeal on the Trademark Infringement Counterclaims

In their cross-appeal, AutoZone and Speedbar argue that the district court erred in concluding that their trademark and service mark counterclaims should be dismissed because they failed to provide evidence of actual damages.

On this point, the law is with AutoZone and Speedbar.  Federal trademark laws provide for injunctive relief.  See 15 U.S.C. § 1116(a); see also Caesars World, Inc. v. Venus Lounge, Inc., 520 F.2d 269, 274 (3d Cir. 1975) (noting that "[i]f the record in the district court contains no evidence of actual damage or actual profit in dollars and cents no monetary award may be made . . . and the trademark owner must be content with injunctive relief").

Moreover, despite a lack of actual damages, AutoZone and Speedbar may also seek an accounting of PBR's profits.  As this circuit explained, "the unavailability of actual damages as a remedy . . . does not preclude plaintiff from recovering an accounting of defendant's profits."  Bishop v. Equinox Int'l Corp., 154 F.3d 1220, 1223 (10th Cir. 1998) (internal quotation marks omitted).  Even in

the absence of actual damages, an accounting may prevent unjust enrichment of the infringing party and may also deter willful violations of the trademark laws.  Id.

Although it acknowledges these principles,  PBR nevertheless contends that the district court's grant of summary judgment against AutoZone and Speedbar should be affirmed.  According to PBR, the district court implicitly made an equitable determination that an accounting of PBR's profits was not warranted because PBR's alleged violation was not willful.  See Aplt's Reply Br. at 14-17. PBR also argues that the record establishes that it has ceased using the "AutoZone" mark and that injunctive relief is thus not warranted.

PBR's argument reads too much into the district court's brief comments.  We see no indication that the district court made findings as to the willfulness of PBR's alleged conduct.  Moreover, the record before us does not allow us to reach a definitive conclusion on that issue or on the matter of injunctive relief. Accordingly, we conclude that the district court erred in granting summary judgment to PBR on AutoZone and Speedbar's counterclaims.

### III.  CONCLUSION

We REVERSE the district court's grant of summary judgment to AutoZone and Speedbar on PBR's breach of contract claim, and we REVERSE the district court's grant of summary judgment to PBR on AutoZone and Speedbar's

counterclaims for service mark infringement, trademark infringement, unfair competition, and service mark dilution. We REMAND the case for further proceedings consistent with this order and judgment.


Entered for the Court,


Robert H. Henry
United States Circuit Judge