**UNITED STATES SURGICAL CORP., Plaintiff,**

v.

**ORRIS, INC., et al., Defendants.**

**No. Civ.A.96–2300–GTV.**

United States District Court,
D. Kansas.

April 7, 1999.

Joel K. Goldman, John K. Power, Bruce A. Moothart, Michael L. Matula, Husch & Eppenberger, Kansas City, MO, John C Andres, Basam E Nabulsi, Carolyn H. Blankenship, Norwalk, CT, Terry R Woodard, Central Islip, NY, for plaintiff.

Michael B. Hurd, Joseph G. Matye, Scott B. Strohm, James R Eiszner, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Virginia M. Giokaris, Patrick Lysaught, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for defendants.

### *MEMORANDUM AND ORDER*

VanBEBBER, District Judge.

Plaintiff United States Surgical Corporation brought this action asserting claims of trademark infringement under 15 U.S.C. § 1114, unfair competition under 15 U.S.C. § 1125(a), patent infringement under 35 U.S.C. § 271, and various state law claims. Crystal Medical Technologies, Inc. d/b/a Orris, Inc. (CMT) asserted antitrust counterclaims alleging that plaintiff's conduct violates the Sherman Act, 15 U.S.C. §§ 1, 2. The case is before the court on defendants Orris, Inc., Brett Hoskins, Paul Lovoi, Advantage Medical Products, Nancy English, and CMT's motion (Doc.449) to award statutory attorney fees or, in the alternative, to stay proceedings pending completion of plaintiff's appeal on the merits. On March 5, 1999, the Federal Circuit Court of Appeals affirmed this court's prior decisions in this case. The motion to stay pending completion of plaintiff's appeal is, therefore, denied as moot. For the reasons set forth below, the motion to award attorney fees is denied.

On April 29, 1998, the court granted defendants' motion for summary judgment on plaintiff's claims and *sua sponte* dis-

missed CMT's counterclaims. On June 22, 1998, the court granted CMT's Rule 59(e) motion to alter or amend judgment and dismissed its counterclaims without prejudice. Plaintiff filed a notice of appeal to the Federal Circuit Court of Appeals on June 25, 1998.[1] Defendants filed the instant motion on July 6, 1998.

■ Plaintiff first objects that the motion for attorney fees is untimely because it was not filed within fourteen days of the April 30, 1998 judgment entered pursuant to the April 29, 1998 Memorandum and Order dismissing plaintiff's claims. The court disagrees. Under Fed.R.Civ.P. 54(d)(2)(B), a motion for attorney fees must be filed within fourteen days after entry of judgment. Judgment is defined as any appealable order or decree. Fed. R.Civ.P. 54(a). A Rule 59(e) motion renders a judgment non-final and not appealable until the Rule 59(e) motion is resolved. *Hatfield v. Board of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir.1995); *see also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989) ("[Fed.R.App.P.] 4(a)(4) renders ineffective any notice of appeal filed while a [Fed. R.Civ.P.] 59(e) motion is pending").

Plaintiff argues that because the Rule 59(e) motion was directed only at the counterclaims and defendants seek attorney fees relating only to plaintiff's claims, the April 30, 1998 judgment was final for purposes of the attorney fees motion. In a case involving multiple claims for relief, however, no final judgment is entered until all claims have been adjudicated unless the court expressly directs the entry of final judgment. Fed.R.Civ.P. 54(b). Here, the court did not expressly direct the entry of final judgment. Accordingly, defendants' motion was timely.

### I. 35 U.S.C. § 285

■ Defendants contend that they are entitled to attorney fees under 35 U.S.C. § 285, which provides that, in patent cases, "[t]he court may in exceptional cases award reasonable attorney fees to the prevailing party." The moving party must "demonstrate, by clear and convincing evidence, that the case is exceptional; even then, the district court retains discretion as to whether or not to award attorney fees." *B. Braun Med., Inc. v. Abbott Lab.*, 124 F.3d 1419, 1429 (Fed.Cir. 1997).[2] Defendants argue that the instant case is exceptional because plaintiff asserted frivolous claims, engaged in vexatious or unjustified litigation, and committed misconduct during the litigation. The court disagrees.

Although each of the asserted grounds may justify a finding that the case is exceptional, defendants have failed to show that such grounds exist. The court is unwilling to infer from its grant of summary judgment that plaintiff's patent claims were frivolous. Not every claim that is dismissed at the summary judgment stage is frivolous. *See Haynes Int'l, Inc. v. Jessop Steel Co.*, 8 F.3d 1573, 1579 (Fed.Cir. 1993) ("A frivolous infringement suit is one which the patentee knew or, on reasonable investigation, should have know, was baseless."). Plaintiff asserted claims that had merit under plaintiff's interpretation of the law. The court, however, rejected plaintiff's interpretation of the law and held that plaintiff's evidence did not support a claim under the correct interpretation of the law.

Likewise, defendants have failed to show that plaintiff engaged in vexatious or unjustified litigation. As stated previously, plaintiff's claims were meritorious under

---

1. Plaintiff filed an initial notice of appeal on May 26, 1998. The first notice of appeal, however, was not ripe because defendant Crystal Medical Technologies filed the motion to alter or amend the judgment on May 14, 1998. Thus, plaintiff filed an amended notice of appeal after this court granted the Rule 59(e) motion.

2. The court applies Federal Circuit Court of Appeals law to the attorney fees claim under the patent statute, and the law of the Tenth Circuit Court of Appeals to the attorney fees claim under the Lanham Act. *See Baldwin Hardware Corp. v. Franksu Enter. Corp.*, 78 F.3d 550, 563 (Fed.Cir.1996).

its interpretation of the law. Defendants have failed to come forward with sufficient evidence of an intent to harass. Defendants have also failed to demonstrate by clear and convincing evidence that plaintiff engaged in misconduct justifying an award of attorney fees. Although the court recognizes that plaintiff's conduct on various occasions pushed the envelope of propriety, defendants have failed to establish that plaintiff acted improperly. Even if plaintiff's conduct were sufficient to make the instant case exceptional, the court, in its discretion, would decline to award attorney fees because both parties engaged in questionable conduct. *See Motorola, Inc. v. Interdigital Tech. Corp.,* 121 F.3d 1461, 1468 (Fed.Cir.1997) (affirming district court's denial of fees because both parties engaged in similar conduct).

*II. 15 U.S.C. § 1117*

Defendants also assert a claim for attorney fees under 15 U.S.C. § 1117, which provides for attorney fees in trademark infringement actions. Section 1117(a) states that "[t]he court may in exceptional cases award reasonable attorney fees to the prevailing party." The Tenth Circuit Court of Appeals has relied on the Lanham Act's legislative history in interpreting an "exceptional case" as an action in which "the trademark infringement can be characterized as 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.'" *VIP Foods, Inc. v. Vulcan Pet. Inc.,* 675 F.2d 1106, 1107 (10th Cir.1982) (quoting S.Rep. No. 93–1400, at 2 (1974), *reprinted in* 1974 U.S.C.C.A.N. 7132, 7133); *see also Bishop v. Equinox Int'l Corp.,* 154 F.3d 1220, 1224 (10th Cir.1998).

The Tenth Circuit's application of the "exceptional case" standard, which depends on the characterization of the defendant's infringement, is inapplicable in this case because defendants are the prevailing party. The Tenth Circuit has not pronounced a standard to evaluate whether a case is exceptional when the defendant prevails. The same legislative history previously relied on by the Tenth Circuit, however, states that the "exceptional case"

standard "provide[s] protection against unfounded suits brought by trademark owners for harassment and the like." S.Rep. No. 93–1400, at 5; *see also Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG,* 165 F.3d 526, 533 (7th Cir.1998) (relying on the quoted legislative history); *Scotch Whisky Assoc. v. Majestic Distilling Co.,* 958 F.2d 594, 599–600 (4th Cir.1992) (same).

■ Defendants, therefore, must establish that plaintiff's Lanham Act claims were unfounded, or brought for harassment or other illegitimate purposes. Like the patent claims, plaintiff's Lanham Act claims had merit under plaintiff's interpretation of the law. Moreover, defendants failed to establish that plaintiff asserted its claims for an improper purpose. Even if defendants established that the case was exceptional, the court would exercise discretion and deny attorney fees because both parties engaged in questionable conduct. Accordingly, defendants' motion for attorney fees is denied.

IT IS THEREFORE ORDERED that defendants Orris, Inc., Brett Hoskins, Paul Lovoi, Advantage Medical Products, Nancy English, and Crystal Medical Technologies, Inc. d/b/a Orris, Inc.'s motion (Doc. 449) to award statutory attorney fees or, in the alternative, to stay proceedings pending completion of plaintiff's appeal on the merits is denied.

Copies of this memorandum and order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**