(April 12, 1910.)

## A. A. DARKNELL, Appellant, v. COEUR D'ALENE & ST. JOE TRANSPORTATION CO., LTD., Respondent.

### [108 Pac. 536.]

COMMINGLING CAUSES OF ACTION IN ONE COUNT—JOINDER OF CAUSES OF ACTION—PRIVATE CORPORATION—ULTRA VIRES CONTRACT—ESTOPPEL—PUBLIC POLICY—STATUTE OF FRAUDS.

(Syllabus by the court.)

1. Where two or more causes of action are improperly united and commingled in one count in the complaint, the proper procedure to reach the defect is by motion to require the plaintiff to separately state his several causes of action in different counts.

2. A cause of action arising on an express contract for the payment of a fixed and specified salary may be united in the same action with a cause of action for the same services on an implied contract to pay the reasonable value of such services.

3. Where D. entered into a contract with a corporation whereby it was mutually understood and agreed that in consideration of D. purchasing stock in the corporation and retaining and continuing his ownership in such stock of the corporation, the corporation would furnish him employment as assistant general manager as long as D. retained the ownership of such stock, at the same salary

that the corporation might or should from time to time pay to one W., its general manager, and D. entered into the employment of the corporation under such contract and continued in the service of the company for about three years, and thereafter sued the corporation to recover his wages at the agreed and stipulated price, the corporation will be bound to pay such salary as was agreed and stipulated, and will be estopped from setting up the plea of *ultra vires.*

4.  ID.—In such case, where the services have already been rendered and the action is one merely to collect the salary already earned, the question as to the power of the corporation to repudiate the contract and discharge the employee does not arise and is not involved.

5.  Sound public policy can never run counter to the principles of honest and fair dealing, and the rule of public policy cannot be invoked to defeat the recovery of an honest claim.

6.  The statute of frauds (subd. 1, sec. 6009, Rev. Codes) will not prevent the recovery of an agreed and stipulated price contracted to be paid for services and labor which have been rendered by the employee during a period exceeding one year, simply because the contract was not reduced to writing.

7.  A contract whereby a corporation agrees to employ D. at a specified salary so long as he continues to own and hold his stock in the corporation does not come within the purview of the statute of frauds (subd. 1, sec. 6009, Rev. Codes), on the ground that the same was not in writing, for the reason that such contract is capable of being fully performed, completed and terminated within a year.

APPEAL from the District Court of the Eighth Judicial District of the State of Idaho, for the County of Kootenai. Hon. Robert N. Dunn, Judge.

Action by plaintiff to recover wages as stipulated and agreed by contract. Judgment for defendant and the plaintiff appeals. *Reversed.*

R. E. McFarland, for Appellant.

Agreements like the one in this case are held to be definite and certain, and therefore binding. (*McMullan v. Dickinson Co.,* 63 Minn. 405, 65 N. W. 661; *Pennsylvania Co. v. Dolan,* 6 Ind. App. 109, 51 Am. St. 289, 32 N. E. 802; *Carnig v. Carr,* 167 Mass. 544, 57 Am. St. 488, 46 N. E. 117, 35 L. R. A. 512;

*Stearns v. Lake Shore & M. S. Ry. Co.*, 112 Mich. 651, 71 N. W. 148; *Carter White-Lead Co. v. Kinlin*, 47 Neb. 409, 66 N. W. 536; *Henderson v. Spratlen*, 44 Colo. 278, 98 Pac. 14, 19 L. R. A., N. S., 655.)

Where a corporation has entered into a contract in excess of its granted powers and has received the fruits or benefits of the contract, it is estopped from setting up the defense of *ultra vires.* (5 Thompson on Corp., par. 6016.)

Where the contract has been fully executed on either side, and the party so executing sues to recover the agreed consideration, the other party will be estopped from setting up the defense that the corporation had no power to make the contract. (5 Thompson on Corp., par. 6024; 29 Am. & Eng. Ency. of Law, 2d ed., 50; *Clement Bane & Co. v. Michigan Clothing Co.*, 110 Mich. 458, 68 N. W. 224.)

Robert H. Elder, for Respondent.

Under the terms of this agreement, as set out by plaintiff, it is clear that it was the intention of the parties that the agreement should continue in force for a longer period of time than one year. That being so, the contract is clearly within the statute of frauds. (2 Parsons on Contracts, p. 51; *Drummond v. Burrell*, 13 Wend. 307; *Herrin v. Butters*, 20 Me. 119; *Biest v. Versteeg Shoe Co.*, 97 Mo. App. 137, 70 S. W. 1081.)

A verbal contract, which by its terms or by the under-standing of the parties is not to be performed within a year, although subject to a defeasance by the happening of a certain event which might or might not occur within that time, is within the statute of frauds. (*Wilson v. Ray*, 13 Ind. 1; *Wash. Steam Packet Co. v. Sickles*, 5 Wall. 580, 18 L. ed. 550.)

The contract is *ultra vires* and against public policy. The law requires the control and management to be vested in a board of directors, but this contract would prevent any board of directors from removing the appellant, and would therefore prevent them from managing and controlling the corporate affairs. (*West v. Camden*, 135 U. S. 507, 10 Sup. Ct.

838, 34 L. ed. 254; *Guernsey v. Cook,* 120 Mass. 501; *Noel v. Drake,* 28 Kan. 265, 42 Am. Rep. 162.)

Its tendency, if not its direct result, is to foist upon the stockholders officers not desired, to take from the assets moneys for salaries not earned, to deny to the officers in a business transaction of the corporation that freedom of judgment necessary to successful results. Contracts having such tendencies have generally been held void. (*Bliss v. Matteson,* 45 N. Y. 22; *West v. Camden, supra; Fuller v. Dame,* 18 Pick. 472; *Bollman v. Loomis,* 41 Conn. 581; *Woodruff v. Wentworth,* 133 Mass. 309; *Lum v. Clark,* 56 Minn. 278, 57 N. W. 662; Bishop on Contracts, sec. 525; *Meguire v. Corwine,* 101 U. S. 108, 25 L. ed. 899; *Bestor v. Wathen,* 60 Ill. 138; *Bensinger v. Kantzler,* 112 Ill. App. 293; *Hampton v. Buchanan,* 51 Wash. 155, 98 Pac. 374.)

A contract which is made by a corporation, and which is unlawful and void because it is beyond the scope of its corporate powers, does not by being carried into execution become lawful and valid, and the proper remedy of the party aggrieved is by disaffirming the contract and suing to recover as on a *quantum meruit,* the value of that which the defendant has actually received the benefit. (*Pittsburg C. & St. L. R. Co. v. Keokuk Bridge Co.,* 131 U. S. 371, 9 Sup. Ct. 770, 33 L. ed. 157; *Patten v. Hicks,* 43 Cal. 509; *Murphy v. DeHaan,* 116 Iowa, 61, 89 N. W. 100.)

Nothing that has been done under a contract of a corporation which is beyond the scope of its corporate powers can give validity to said contract. (*O'Brien v. Wheelock,* 184 U. S. 450, 22 Sup. Ct. 354, 46 L. ed. 636; *Penn. Co. v. Dolan,* 6 Ind. App. 109, 32 N. E. 802; *Harrington v. Kansas City Cable Ry. Co.,* 60 Mo. App. 223; *Brighton v. Lake Shore etc. R. R. Co.,* 103 Mich. 420, 61 N. W. 550.)

AILSHIE, J.—This action was commenced for the recovery of judgment for services rendered by the plaintiff to the defendant corporation. An amended complaint was filed and a demurrer to that complaint was sustained. A second amended complaint was filed, and it was upon that complaint that the

cause went to trial.  It was alleged by the plaintiff that on the first day of April, 1905, he purchased thirty shares of the capital stock of the defendant corporation, and that he thereupon and on the same day entered into the contract with the defendant upon which this action is based.  Paragraph 5 of the second amended complaint alleges the nature and character of the contract upon which the action is founded, and is as follows:

"That on, to wit, the first day of April, 1905, and after plaintiff had purchased said shares of stock, said plaintiff and defendant entered into an oral agreement, upon the terms whereof defendant agreed to employ and did employ plaintiff as the assistant general manager of said defendant, and agreed and promised to pay to plaintiff for his services as said assistant general manager, for such period of time as plaintiff should retain his said shares of stock, the same salary from time to time paid to and received by said J. C. White as such general manager, and thereupon, to wit, on the first day of April, 1905, plaintiff entered in the employ of said defendant under and by virtue of said oral agreement, and performed services for said defendant as such assistant general manager at the monthly salary of one hundred dollars ($100), until the 6th day of October, 1905, when said defendant commenced to pay, and ever since said last-mentioned date to the present time, has paid to said J. C. White, as such general manager, the salary of three thousand dollars ($3,000) per annum, by reason whereof and under the terms and conditions of said oral agreement plaintiff became and was entitled to receive for his services as assistant general manager the sum of three thousand dollars ($3,000) per annum from the 6th day of October, 1905."

It is further alleged that under and by virtue of the contract set out in paragraph 5 the plaintiff performed services for the defendant as assistant general manager from the first day of April, 1905, up to and including the 6th day of October, 1905, at the monthly salary of $100, and that from the 6th day of October, 1905, up to and including the 6th day

of June, 1908, the plaintiff performed services for defendant continuously as assistant general manager at the salary of $3,000 per annum. Plaintiff alleges that the salary claimed by him is the same salary that the defendant was paying to its general manager, J. C. White, during the same period of time that plaintiff was in its employ, and that plaintiff was by the terms of his contract to receive the same compensation as the general manager might receive for the same period of time.

In addition to the foregoing allegations as to the nature of the contract, plaintiff also alleges in paragraph 6 "that said services were reasonably worth" the sums alleged and claimed by him in his complaint.

When the case came on for trial, the defendant filed a motion "to require plaintiff to elect as between two causes of action to proceed upon and to strike." The court appears to have sustained this motion, and made an order requiring the plaintiff "to elect between the two separate and distinct causes of action set forth in his complaint herein, and that all of said complaint relative to any cause of action other than the one plaintiff elects to retain in his complaint be stricken from said complaint." The plaintiff protested against this action, took his exception, and thereupon elected to proceed upon the contract as set out in his complaint for the recovery of a stipulated salary. The trial thereupon proceeded, and plaintiff called his first witness, and began to examine him, whereupon the defendant objected to the introduction of any evidence in the case "for the reason that plaintiff's amended complaint . . . . as it now stands under the order of the court . . . . does not state facts sufficient to constitute a cause of action." This motion was sustained by the court, and the plaintiff excepted, and has preserved the proceedings in a statement and bill of exceptions. This appeal is from the judgment.

It was contended by the defendant on its motion to require the plaintiff to elect, and is contended in this court, that the plaintiff had improperly commingled two separate and independent causes of action in one count. In other words, it is

insisted that the complaint charged a pretended cause of action on the contract for a stipulated salary and also a pretended cause of action on *quantum meruit.* This contention seems to have been based on the fact that the plaintiff inserted in his complaint the allegation that the services were of the reasonable value of the amount alleged. If this contention be correct, still the proper method of reaching the objection would not be by motion to require the plaintiff to elect. The two causes of action would not be inconsistent. If improperly united and commingled in one count, the proper motion would have been to require the plaintiff to separately state his several causes of action. It is conceded, and the complaint so states, that the recovery sought was for a stipulated price for services rendered,—the services here rendered under contract. The only question which seems to arise in the case is whether the plaintiff could recover on a stipulated price or must recover on *quantum meruit.* The two theories are not inconsistent. Indeed, if the plaintiff should succeed in proving that he rendered the services and should be unable to prove that he had a contract for a specific salary, then he would be clearly entitled to recover the reasonable value of the services, provided his complaint contains a count on *quantum meruit.* Under the statute (subd. 1, sec. 4169) causes of action arising out of "contracts express or implied" may be joined. So a cause of action on an express contract for a fixed salary may be joined with a cause of action for the same service on an implied promise to pay the reasonable value thereof. (*Cowan v. Abbott,* 92 Cal. 100, 28 Pac. 213; *Estrella etc. Co. v. Butler,* 125 Cal. 232, 57 Pac. 980; *Olmstead v. Dauphiny,* 104 Cal. 635, 38 Pac. 505.)

It is argued, and the chief contention is made by respondent, that this contract is void, that as to the corporation it was *ultra vires,* and that it is also contrary to public policy, for the reason that it has the effect of divesting the directors and officers of their power of controlling and managing the business and affairs of the corporation. However sound this argument may be, and whatever merit it may contain, it is clearly inapplicable to the present status of this case and the

facts on which we must pass. The question of the power of the directors to discharge the appellant and absolve the corporation from a further continuance of the relation or longer recognizing the binding effect of the contract and accepting appellant's services under the contract does not arise in this case. Here, according to the allegations of the complaint, appellant continued for several years in the service of respondent under the terms of this contract, and the only question which arises now is the liability of the company to pay for the service already rendered. May he rest his right of recovery on the price fixed by the contract, or shall he be bound to base his recovery on the reasonable value of the services rendered? No dispute arises on this appeal as to the actual performance and acceptance of the service. The only question now involved is as to the measure of compensation; appellant claims the right to recover for services already rendered according to the terms of the contract, which terms have been fully performed on his part, while respondent repudiates the contract and denies any right of recovery thereunder. In our judgment, it is scarcely a debatable question. The validity and binding effect of the contract having been recognized until after the services have been rendered, the corporation will now be liable to pay in accordance with its terms if appellant succeeds in his proofs. The plea of *ultra vires* would not be available to the corporation in such case.

The contract is in no way violative of any theory or principle of public policy. Sound public policy can never run counter to principles of honest and fair dealing. This is wholly different from a case where the contract provides that the party shall be retained either for a fixed or an indefinite period as a trustee or elective officer of the corporation, or where the contract disables the corporation from carrying on its business, as was the case in *Glass v. Basin & Bay State Mill Co.*, 31 Mont. 21, 77 Pac. 302, and *Gibbs v. Cons. Gas Co.*, 130 U. S. 396, 9 Sup. Ct. 553, 32 L. ed. 979. The principles of honesty and fair dealing will not permit the company to escape liability to pay the appellant the agreed price after he has parted with his services on the agreement and under-

standing that he should receive a stipulated salary. Had he been notified in advance that if he rendered the services he would only be allowed compensation in such sum as he could prove to be reasonable, he might have preferred to seek a better employment at a fixed and more remunerative salary. Whatever the binding effect of this contract might be for the future and with reference to services not yet rendered, it is the unmistakable legal duty of respondent to pay for past services in accordance with the contract as the same may be proven. (5 Thompson on Corp., secs. 6016, 6017.)

It is argued by respondent that plaintiff cannot recover under this contract for the reason that it was in violation of subd. 1, sec. 6009, Rev. Codes. That provision of the statute prohibits the introduction of oral evidence to prove an agreement that by its terms is to be performed within a year from the making thereof. The provisions of the statute are not applicable to the case in hand. This is not an action for specific performance or for damages on account of a breach of the contract, or concerning any unperformed portion of the contract or services to be rendered in the future. So far as the action in hand is concerned, it is an executed contract, just as much so as would be a contract between A and B for the performance of labor at five dollars per day, and which contract was entered into two years before the commencement of action by A for the recovery of his wages. We apprehend that A would not be prohibited proving the contract as to the wages he was to receive for the two years' services rendered, simply because the contract was not in writing. It would be quite a different proposition, however, if B had refused to furnish A the work, and A had sued B for a breach of the contract.

By a long line of authorities it is held that such a contract as this does not fall within the statute of frauds, for the reason that it was capable of being performed, and might have been fully performed and terminated, within a year, and that such contracts are not within the statute. (2 Page on Contracts, sec. 676; Wood on Frauds, sec. 270; *East Line etc. R. R. Co. v. Scott,* 72 Tex. 70, 13 Am. St. 767, 10 S. W. 99;

*L. & N. R. R. Co. v. Offutt,* 99 Ky. 427, 59 Am. St. 467, 36
S. W. 181; *Sax v. Detroit etc. Ry. Co.,* 125 Mich. 252, 84 Am.
St. 575, 84 N. W. 314; *Smalley v. Mitchell,* 110 Mich. 689, 68
N. W. 978; *Yellow Poplar Co. v. Rule,* 106 Ky. 455, 50 S. W.
685; *Greene v. Harris,* 9 R. I. 407; *Eaton v. Whitaker,* 18
Conn. 222, 44 Am. Dec. 590.)

In this case the contract was to be terminated on the sale
by plaintiff of his stock in the corporation. His purchasing
and continuing to hold the stock was the consideration for
the contract, and on his making a sale of the stock, the agree-
ment and likewise the employment would end. (*McMullan
v. Dickinson Co.,* 63 Minn. 405, 65 N. W. 661.) The sale
might have taken place the following day or any day during
the year.

The judgment in this case must be reversed, and a new trial
will be granted. Costs awarded to appellant.

Sullivan, C. J., and Stewart, J., concur.