715 P.2d 1017

**Bobby G. WHITLOCK,**
**Plaintiff-Appellant,**

v.

**HANEY SEED COMPANY, a corporation, Defendant-Respondent.**

No. 16000.

Court of Appeals of Idaho.

March 4, 1986.

Lloyd J. Webb (argued) and Curtis R. Webb, Webb, Burton, Carlson & Pederson, Twin Falls, for plaintiff-appellant.

Robert D. Lewis, Cantrill, Skinner, Sullivan & King, Boise, for defendant-respondent.

BURNETT, Judge.

This is an appeal from a partial summary judgment dismissing a claim of wrongful discharge from employment. The issues presented are whether the claimant was an employee at will and whether his employment contract was unenforceable under the statute of frauds. For reasons stated below, we vacate the partial summary judgment.

Bobby Whitlock was terminated from employment as manager of the Haney Seed Company plant at Glenns Ferry. He sued the company, alleging wrongful discharge and defamation. The district court entered partial summary judgment for the company on the claim of wrongful discharge. The judgment was certified under I.R.C.P. 54(b) and this appeal followed.

The rules governing summary judgments are well known. Summary judgment is appropriate only when genuine issues of material fact are absent and the case can

be decided as a matter of law. I.R.C.P. 56(c); *Moss v. Mid-American Fire and Marine Insurance Co.*, 103 Idaho 298, 647 P.2d 754 (1982). Controverted facts are viewed in favor of the party resisting a motion for summary judgment. Where, as here, a jury has been requested, the non-moving party is entitled to the benefit of reasonable inferences drawn from the evidentiary facts. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

■ We first apply these rules to the question whether Whitlock was an employee at will. Employment is said to be at will unless the agreement between employer and employee "specifies the duration of the employment, or limits the reasons for which the employee may be discharged...." *MacNeil v. Minidoka Memorial Hospital*, 108 Idaho 588, 589, 701 P.2d 208, 209 (1985). Employment at will may be terminated by either party for any reason without liability, except that an employee may not be discharged for a reason contravening public policy. *Id.*

■ In this case the employment contract was oral. Richard Cook, a principal shareholder and former president of Haney Seed Company, stated in an affidavit that he had hired Whitlock to serve as manager of the Glenns Ferry plant so long as Cook "owned Haney Seed Company" and so long as Whitlock "performed his duties ... in an acceptable manner." In a deposition, Whitlock expressed a slightly different understanding of the contract. He said that his employment was to continue "as long as the plant run [sic]. It was on a thirty year lease." Whitlock acknowledged in a supplemental affidavit that he was required to perform his duties "in a reasonably acceptable fashion." Although neither the Cook version nor the Whitlock version of the contract specified a discrete period of employment, both versions indicated that if Whitlock performed satisfactorily, he would keep his job until some extrinsic event—change in company ownership, cessation of plant operations, or expiration of the plant lease—occurred. The company was limited in the reasons for which it could terminate Whitlock's employment. Consequently, we hold that Whitlock was not an employee at will.

■ We next consider the district court's ruling that the oral employment contract was invalid under the statute of frauds. Idaho Code § 9–505 provides, in pertinent part, as follows:

> In the following cases the agreement is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents:

> 1. An agreement that by its terms is not to be performed within a year from the making thereof.

This provision has been narrowly construed by our Supreme Court. The statute does not govern an oral contract that "might have been fully performed and terminated, within a year...." *Darknell v. Coeur d'Alene & St. Joe Transportation Co.*, 18 Idaho 61, 69, 108 P. 536, 539 (1910). *See generally* RESTATEMENT (SECOND) CONTRACTS § 130, comment a (1981). Thus, even if a contract appears on its face to anticipate performance for more than one year, it may fall outside the statute if it is subject to a condition or contingency that could occur within a year, terminating further performance. *Hubbard v. Ball*, 59 Idaho 78, 81 P.2d 73 (1938); J. CALAMARI & J. PERILLO, THE LAW OF CONTRACTS § 19–20 (2d ed. 1977).[1]

■ Here, the oral employment agreement contained both a condition and a con-

---

1. Contracts subject to conditions should not be confused with contracts allowing cancellation by one or both of the parties. The Idaho Supreme Court has declared that authority to cancel does not take a contract outside the statute of frauds. *Seder v. Grand Lodge of Ancient Order of United Workmen of North Dakota,* 35 Idaho 277, 206 P. 1052 (1922). Other authorities are in conflict on this point. *See* 3 WILLISTON ON CONTRACTS § 498B (W. JAEGER 3d ed. 1960); 2 CORBIN ON CONTRACTS § 449 (1950).

tingency. The condition was satisfactory performance by Whitlock. The contingency was one of the extrinsic events noted above—change in company ownership, cessation of plant operations, or expiration of the plant lease. It has been argued that satisfactory performance is required by virtually all contracts and should not be regarded as the type of condition which obviates the statute of frauds. The argument is attractive but we need not pass upon it today. We believe the statute is obviated in any event by a contingency. Any of the extrinsic events mentioned could have occurred within a year, terminating further performance under the contract.

■ Of course, not every such event would bar application of the statute. If Whitlock's deposition were interpreted to mean that he was hired for a fixed period coterminous with the thirty-year lease on the plant site, then the fixed period would place his employment contract squarely within the statute of frauds. *Allen v. Moyle*, 84 Idaho 18, 367 P.2d 579 (1961). However, this interpretation would disregard Whitlock's reference to employment "as long as the plant run." It would be tantamount to drawing an inference adverse to the party resisting summary judgment.[2]

We conclude that the employment contract, viewed favorably to Whitlock, did not violate the statute of frauds. *Accord Rowe v. Noren Pattern and Foundry Company*, 91 Mich.App. 254, 283 N.W.2d 713 (1979). Accordingly, we vacate the partial summary judgment and remand the case for further proceedings consistent with this opinion. Costs to appellant, Whitlock. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

**2.** Cook's version of the employment agreement—that Whitlock had a job only so long as Cook owned the company—also may prove to be a mixed blessing for Whitlock. Cook's affidavit supports Whitlock's position on the issues

presented in this appeal; but if it is eventually shown that a change in company ownership did occur, Whitlock's claim of wrongful discharge could fail on the merits. No such showing has been made with clarity in the present record.