179 P.3d 1064

Stuart MACKAY, an individual,
Plaintiff–Appellant,

v.

FOUR RIVERS PACKING CO., an Idaho
corporation, Defendant–Respondent.

No. 33829.

Supreme Court of Idaho,
Boise, January 2008 Term.

Feb. 19, 2008.

Johnson & Monteleone, L.L.P., Boise, for appellant. Samuel Johnson argued.

Birch Law Office, Payette, for respondent. Bruce H. Birch argued.

J. JONES, Justice.

Stuart Mackay sued Four Rivers Packing Co. alleging the breach of an oral contract for long-term employment and claiming that Four Rivers terminated him because it regarded him as disabled due to his insulin dependent diabetes. Four Rivers moved for summary judgment in district court, which the court granted on both counts. Mackay appeals to this Court. We vacate the summary judgment order and remand.

## I.

Four Rivers operates an onion packing plant near Weiser, Idaho. Randy Smith, the general manager of Four Rivers, hired Stuart Mackay as a field man during the summer of 1999 to secure onion contracts from growers in the area. Four Rivers began experiencing financial difficulties in late 1999. All employees, including Mackay, were laid off at this time because one of the owners of Four Rivers filed suit to prevent the company from conducting business. When the lawsuit was resolved, Smith rehired Mackay as a field man. According to Mackay, Four Rivers offered him a long-term employment contract in March of 2000 to continue working as a field man up to the time of his retirement. Mackay claims he accepted the long-term offer of employment and advised Four Rivers that he may not retire for approximately ten years, at around age 62.

Four Rivers denies extending such an offer to Mackay. According to Four Rivers, the owners informed Randy Smith in 2000 that they did not know whether the company would be in business the next fall due to continuing financial difficulties. In 2001, Mackay asked Four Rivers for a written contract of employment. He refused to sign the agreement that was prepared because it gave Four Rivers the right to terminate his employment at will. Subsequent efforts to arrive at a written employment agreement were unsuccessful.

In 2000, Mackay was diagnosed with Type II diabetes and began taking oral medication to treat the condition. Mackay claims he immediately notified Four Rivers of the dia-

betes. In early 2003, Mackay became insulin dependent due to the diabetes. He notified Four Rivers of this dependency and the possible side effects. Four Rivers acknowledges that Mackay informed them of his condition, but denies it considered this a problem. Four Rivers claims no one ever told Mackay that his health interfered with his job.

On March 7, 2003, Smith terminated Mackay's employment relationship without notice. According to Mackay, he did this because of Mackay's diabetes. A co-worker, Jim Goins, claims to have heard Smith say Mackay was "too heavy, that he could not get off his fat ass, and that he was too sick with diabetes to work for Four Rivers Packing." Smith denies making such a statement. He claims Mackay's performance was not satisfactory because he was not meeting with growers with the frequency or regularity necessary to obtain the quantity of onions necessary to keep Four Rivers' packing plant operational on a full-time basis, resulting in the closure of the packing plant in February 2003. Four Rivers claims its employees, including Mackay, were laid off at this time as a result of the early closure. Mackay claims Four Rivers closed due to the price of onions at the time. Mackay applied for unemployment benefits in 2003, stating in his application that he was laid off due to company financial difficulties. Smith states he offered to rehire Mackay in a different position later that year, and Mackay declined.

Mackay filed a complaint on August 24, 2004, claiming Four Rivers breached his employment contract and discriminated against him in violation of the Idaho Human Rights Act (IHRA). Four Rivers answered, alleging that Mackay was an "at will" employee. Further, it asserted an affirmative defense that a contract such as that claimed by Mackay is null, void, and unenforceable as violating Idaho Code § 9–505 because the agreement could not be performed within one year of its making. Four Rivers moved for summary judgment in October 2006, and the district court granted its motion. The court concluded the alleged contract could not be performed by its terms within one year and would therefore be invalid in the state of Idaho. Thus, it granted summary judgment with regard to Mackay's breach of contract claim. In addition, the district court granted summary judgment with regard to plaintiff's disability claim, finding the plaintiff failed to direct the court to any authority recognizing diabetes as a disability under the IHRA. Plaintiff subsequently filed a motion for reconsideration, which the district court denied, resulting in this appeal.

## II.

We are presented with the questions of: (1) whether the district court erred when it held the alleged oral contract between Mackay and Four Rivers fell within Idaho's Statute of Frauds; and (2) whether the district court erred when it held that Mackay must show his diabetes substantially limits a major life activity in order to make a disability discrimination claim under the IHRA.

### A.

■ On appeal from the grant of a motion for summary judgment, this Court applies the same standard used by the district court originally ruling on the motion. *Carnell v. Barker Mgmt., Inc.,* 137 Idaho 322, 326, 48 P.3d 651, 655 (2002). Summary judgment is proper "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* at 327, 48 P.3d at 656 (citing Idaho R. Civ. P. 56(c)). All disputed facts are to be construed liberally in favor of the nonmoving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmoving party. Id. Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id.*

■ The burden at all times is upon the moving party to prove the absence of a genuine issue of material fact. *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991). The plaintiff's case must be anchored in something more than speculation, and a mere scintilla of evidence is not enough to create a genuine issue. *Id.* However, all doubts are to be resolved

against the moving party, and the motion must be denied if the evidence is such that one may draw conflicting inferences therefrom, and if reasonable people might reach different conclusions. *Id.*

### B.

The parties disagree regarding the proper application of Idaho's Statute of Frauds. According to Mackay, the longstanding rule in Idaho is that where an agreement depends upon a condition which may ripen within a year, even though it may not mature until much later, the agreement does not fall within the Statute. Since the alleged contract here contains a term that it will last until Mackay retires, and Mackay could have retired within the first year, the oral contract does not violate the Statute. Mackay argues this Court should construe the facts in his favor as the nonmoving party and determine that Four Rivers made a definite promise that he could work until retirement. Thus, summary judgment was inappropriate on the contract claim. Alternatively, if the Court concludes the contract was unclear as to its intended duration, summary judgment was inappropriate because the contract term must be determined by a jury.

Four Rivers denies entering into a long-term contract of employment, and further claims Mackay was at all times an "at will" employee. Four Rivers claims Mackay's allegations make it impossible to determine the term or duration of the alleged employment contract. Thus, the alleged contract fails for indefiniteness. Alternatively, Four Rivers claims the contract violates Idaho Code § 9–505, relying on *Burton v. Atomic Workers Fed. Credit Union*, 119 Idaho 17, 803 P.2d 518 (1990). The employee in *Burton* claimed the employer breached an employment contract entitling her to work until she retired at age 65. According to Four Rivers, the contract in this case similarly falls within Idaho's Statute of Frauds. We consider that issue first.

Idaho's Statute of Frauds provision is found in Idaho Code § 9–505. Section 9–505 provides that "an agreement that by its terms is not to be performed within a year from the making thereof" is invalid, unless the same or some note or memorandum thereof, be in writing and subscribed by the party charged, or by his agent. I.C. § 9–505. Evidence of such agreement cannot be received without the writing or secondary evidence of its contents. *Id.* According to the Restatement (Second) of Contracts, courts construe this statute narrowly. Restatement (Second) of Contracts § 130, cmt. a (1981). Under the prevailing interpretation, the enforceability of a contract under the one-year provision does not turn on the actual course of subsequent events, nor on the expectations of the parties as to the probabilities. *Id.* Contracts of uncertain duration are simply excluded, and the provision covers only those contracts whose performance cannot possibly be completed within a year. *Id.*

Leading treatises follow this general rule. It is well settled that the oral contracts invalidated by the Statute because they are not to be performed within a year include only those which *cannot* be performed within that period. 9 Samuel Williston, *A Treatise on the Law of Contracts* § 24:3 (West 1999). A promise which is not likely to be performed within a year, and which in fact is not performed within a year, is not within the Statute, if at the time the contract is made there is a possibility in law and in fact that full performance such as the parties intended may be completed before the expiration of a year. *Id.* The question is not what the probable, or expected, or actual, performance of the contract was, but whether the contract, according to the reasonable interpretation of its terms, required that it could not be performed within the year. *Id.* (quoting *Warner v. Texas & P. Ry. Co.*, 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495 (1896)). Further, a promise which is performable at or until the happening of any specified contingency which may or may not occur within a year is not within the Statute. *Id. See also* Caroline M. Brown, 4 *Corbin on Contracts* §§ 19.1, 19.2 (Joseph M. Perillo, ed.1997).

Idaho cases are in accord. A contract which is capable of being performed and might have been fully performed and terminated within a year does not fall within the Statute. *Darknell v. Coeur D'Alene & St. Joe Transp. Co.*, 18 Idaho 61, 69, 108 P. 536, 539 (1910) (contract was to be terminat-

ed on sale of plaintiff's stock in the corporation, which sale might have taken place the following day or any day during the year). Where the termination of a contract is dependent upon the happening of a contingency which may occur within a year, although it may not happen until the expiration of a year, the contract is not within the Statute, since it may be performed within a year. *Seder v. Grand Lodge, A.O.U.W. of North Dakota*, 35 Idaho 277, 280, 206 P. 1052, 1053 (1922). *See also Gen. Auto Parts Co., Inc. v. Genuine Parts Co.*, 132 Idaho 849, 857, 979 P.2d 1207, 1215 (1999) (where the contract did not contain a definite term of duration, and was subject to several contingencies which could have occurred within one year, the Statute of Frauds did not bar enforcement of the contract).

■ In this case, the district court applied the *Burton* decision and found that the alleged oral contract could not, by its terms, be completed within a year. In *Burton*, the plaintiff alleged there was an implied contract, which guaranteed her employment until she reached retirement, at age 65. 119 Idaho at 18–19, 803 P.2d at 519–20. Burton based this claim on evidence of oral representations, practices and procedures of the employer, and an employment manual prepared by the employer. *Id.* The employer argued the claimed oral contract for employment "until age 65" violated the Statute of Frauds. *Id.* at 20, 803 P.2d at 521. This Court held that the alleged oral contract to employ Burton until age 65 could not by its terms have been performed within one year. *Id.* Thus, the trial court should have instructed the jury on the employer's Statute of Frauds defense. *Id.* This case differs. In this case, Mackay alleges the term of the contract is until retirement. Unlike the contract in *Burton*, which specified "until age 65," the alleged contract term in this case is indefinite. Thus, the district court erred when it held *Burton* applied to preclude enforcement of the contract alleged in this case.

Rather, this case falls under the general rule cited in numerous Idaho cases and in the Restatement (Second) of Contracts. For the purposes of summary judgment, we must take as true Mackay's allegation that the contract was to last "until retirement". Since Mackay could have retired within one year under the terms of the alleged contract, this contract is outside Idaho's Statute of Frauds provision. This case is similar to *Whitlock v. Haney Seed Co.*, 110 Idaho 347, 715 P.2d 1017 (Ct.App.1986), cited by this Court with approval many times. In *Whitlock*, an employee alleged an oral contract under which he was hired "so long as the plant run [sic]." *Id.* at 348, 715 P.2d at 1018. The employer testified the contract stated Whitlock was "to serve as manager of the [plant] so long as [he] owned Haney Seed Company and so long as [he] performed his duties ... in an acceptable manner." *Id.* The court first held that Whitlock was not an employee at will under either interpretation. *Id.* The court further held that, since any of these events could have been performed within one year, the contract was not within the Statute. *Id.* at 348–49, 715 P.2d at 1018–19. Since the event at issue here—Mackay's retirement—could possibly have occurred within one year, the Statute does not bar evidence of such contract.

■ Four Rivers claims that, regardless of the Statute, Mackay's contract claim fails because he was an at will employee, subject to being terminated at any time. In Idaho, unless an employee is hired pursuant to a contract which specifies the duration of the employment, or limits the reasons for which the employee may be discharged, the employment is at the will of either party, and either party may terminate the relationship at any time for any reason (or no reason) without incurring liability. *MacNeil v. Minidoka Mem'l Hosp.*, 108 Idaho 588, 589, 701 P.2d 208, 209 (1985), *overruled on other grounds by Metcalf v. Intermountain Gas Co.*, 116 Idaho 622, 778 P.2d 744 (1989). In this case, Mackay alleges the parties entered into a long-term contract for employment, which makes the default "at-will" rule inapplicable to this case. As the parties dispute whether the contract of employment was at will or whether it contained a provision regarding duration, the issue is not subject to determination on summary judgment.

Similarly, there is a disputed issue of fact as to whether the alleged contract contained a provision for its duration. Even if we did not take Mackay's contention as true, that

the term of the contract is "until retirement," summary judgment would still be inappropriate because there are disputed issues of material fact as to the duration of the alleged contract. Mackay cites *Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994), where the Supreme Court of Nebraska examined an oral employment contract. The record in that case was unclear as to the duration of the contract—it was either "her lifetime," her "career," her "work lifetime," "50 years," or "until age 65." Since these positions yielded different results under the Statute of Frauds, the court found the record was not sufficiently clear for the district court to have determined the duration of the contract. Thus, the record presented a material issue of fact as to the duration of the contract, which precluded summary judgment. *Id.* at 506–07.

The same is true in the case at bar. In his affidavit, Randy Smith affies that Mackay understood he had no guarantee of long term employment. After he came to work, Mackay asked for a written contract, but never signed that document because the parties could not agree to its terms. Smith affies he never offered Mackay a long term contract. Four Rivers submitted two additional affidavits from supervisors setting forth similar facts. Mackay relies on his verified Complaint. According to the Complaint, Mackay accepted Four Rivers' offer of long-term employment to continue as a field man for Four Rivers up to the time of this retirement. At this time, he advised Four Rivers he may not retire for another ten years.

 The existence and terms of the contract here are not clear—these are all disputed facts. When the existence of a contract is in issue, and the evidence is conflicting or admits of more than one inference, it is for the jury to decide whether a contract in fact exists. *Johnson v. Allied Stores Corp.*, 106 Idaho 363, 368, 679 P.2d 640, 645 (1984). Thus, because the parties dispute whether there was a contract and, if so, what its duration was, there were factual issues that should have been presented to a jury for determination. The district court erred when it granted summary judgment on Mackay's breach of contract claim.

## C.

Mackay claims Four Rivers took adverse employment action against him in violation of the Idaho Human Rights Act. I.C. § 67–5901. Mackay claims he presented specific evidence showing Four Rivers regarded him as having a disability that substantially limited his ability to perform his job, and terminated him based on that belief. Mackay does not dispute that he was fully capable of performing the essential functions of his job, with or without accommodation, but asserts Four Rivers terminated him because it regarded him as disabled. Mackay asserts it is irrelevant whether or not the plaintiff is actually disabled in a "regarded as disabled case," and that the affidavit of his coworker, Goins, raises a triable issue that precludes summary judgment. Four Rivers claims summary judgment was proper because Mackay, by his own admission, did not have a physical condition that constituted a substantial limitation. Further, no individual associated with Four Rivers ever considered Mackay to be disabled. Finally, Smith denies ever making the alleged statement that Mackay was too sick with diabetes to do his job, and claims this allegation is conclusory and speculative.

The purpose of the IHRA is to provide for execution within the state of the policies embodied in the federal Civil Rights Act of 1964, as amended, and Titles I and III of the Americans with Disabilities Act (ADA). I.C. § 67–5901. This Court has previously determined that the legislative intent reflected in I.C. § 67–5901 allows our state courts to look to federal law for guidance in the interpretation of the state provisions. *O'Dell v. Basabe*, 119 Idaho 796, 811, 810 P.2d 1082, 1097 (1991); *Bowles v. Keating*, 100 Idaho 808, 812, 606 P.2d 458, 462 (1979).

The ADA prohibits a covered entity from discriminating against a qualified individual with a disability in regard to the discharge of employees. 42 U.S.C. § 12112(a) (2006). The ADA defines "disability" as:

(A) A physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of having such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2)(c) (2006). Mackay bases his claim on subsection (C).

■ Regarded as having an impairment means the individual (1) has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such a limitation; (2) has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) has [no such] impairments but is treated by a covered entity as having a substantially limiting impairment. 29 C.F.R. § 1630.2(*l*)(1)-(3)(2005). The U.S. Supreme Court has held an employee may be "regarded as" disabled in two ways: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005–06 (9th Cir.2007) (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 2149–50, 144 L.Ed.2d 450 (1999)). In order to state a "regarded as" claim, a plaintiff must establish that the employer believes the plaintiff has some impairment and provide evidence that the employer subjectively believes the plaintiff is substantially limited in a major life activity. *Id.* at 1006. If the plaintiff does not have direct evidence of the employer's subjective belief that the plaintiff is substantially limited in a major life activity, the plaintiff must provide further evidence that the impairment imputed to the plaintiff is, objectively, a substantially limiting impairment. *Id.*

■ Mackay testified that he informed Four Rivers of his diabetic condition when he became insulin dependent. Smith admits he had knowledge of the condition, but claims this was never a problem or consideration with regard to Mackay's termination. According to Smith, no one in the company viewed Mackay as disabled. Mackay again relies on his verified Complaint and the affidavit of Jim Goins in opposition to summary judgment. According to the Complaint, Mackay notified his supervisors when he became insulin dependent. In his affidavit, Goins claims:

> I was not surprised by the termination of Mr. Mackay because I over heard Randy Smith state, on at least two occasions, that Mr. Mackay was too heavy, that he could not get off his fat ass, and that he was too sick with diabetes to work for Four Rivers Packing.

Randy Smith denied making any statement to this effect.

On reconsideration, the district court held that the affidavit of Jim Goins was "conclusory in nature and constitute[d] a mere scintilla of evidence which [did] not raise a genuine issue of material fact."[1] The district court adhered to its initial ruling that plaintiff could not prove his diabetes was a disability under IHRA. Since Mackay could not establish a substantially limiting impairment, the court held he could not establish a claim under the IHRA.

The district court erred in its holding. The statement of Mr. Goins is direct evidence that Smith regarded Mackay as being substantially limited in the major life activity of working.[2] Four Rivers clearly disputes this contention and claims Mr. Goins' affidavit is untrue. There is a genuine issue of material fact as to whether Four Rivers regarded Mackay as substantially limited in the major life activity of working and terminated Mackay because of this perceived disability. If Mackay's contentions are true, Mackay may be able to prevail on his IHRA claim.

---

1. Mackay initially filed the affidavit on August 26, 2005, prior to consideration of Four Rivers' motion for summary judgment. Mackay expressly relied on this affidavit in opposition to summary judgment. Mackay filed his Motion for Reconsideration on the basis that the district court failed to consider the affidavit in its order granting summary judgment.

2. EEOC regulations specify that a person is substantially limited in the major life activity of working if she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i), *quoted in Walton,* 492 F.3d at 1009.

Thus, the district court erred when it granted summary judgment to Four Rivers on Mackay's disability discrimination claim.

### D.

Both parties seek attorney fees pursuant to I.C. § 12–120(3), which allows recovery of attorney fees by the prevailing party in any commercial transaction. The term "commercial transaction" is defined to mean all transactions except transactions for personal household purposes. I.C. § 12–120(3). Actions brought for breach of an employment contract are considered commercial transactions, subject to the attorney fee provision of I.C. § 12–120(3). *Willie v. Bd. of Trustees,* 138 Idaho 131, 136, 59 P.3d 302, 307 (2002). Where an action is one to recover in a commercial transaction, that claim triggers the application of section 12–120(3) and the prevailing party may recover fees "regardless of the proof that the commercial transaction did in fact occur." *General Auto Parts Co., Inc. v. Genuine Parts Co.,* 132 Idaho 849, 860, 979 P.2d 1207, 1218 (1999).

Mackay is the prevailing party on appeal but it remains to be seen whether he will be the prevailing party in the action, and, therefore, entitled to attorney fees under I.C. § 12–120(3). The district court, upon final resolution of the case, may consider fees incurred on appeal when it makes a determination as to the prevailing party.

### III.

We vacate the district court's order granting summary judgment against Mackay on both counts, and remand the case for further proceedings consistent with this opinion. Costs are awarded to Mackay but no fees.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON concur.

