# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44897

FARM BUREAU MUTUAL INSURANCE
COMPANY OF IDAHO,

    Plaintiff-Respondent,

v.

EDGAR WILKINS COOK JR. and LAURIE
FRANCES COOK, husband and wife,

    Defendants-Appellants,

and

JOSEPH STANCZAK,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, January 2018 Term

2018 Opinion No. 27

Filed: March 30, 2018

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the First Judicial District of the State of Idaho,
Bonner County.  Hon. Barbara A. Buchanan, District Judge.

The district court's judgment is affirmed.

James, Vernon & Weeks, P.A., Coeur d'Alene, for appellants. Wes S. Larsen
argued.

Hawley Troxell Ennis & Hawley LLP, Boise, for respondent. James L. Martin
argued.

---

BRODY, Justice

    This case involves the interpretation of the insuring clause of a bodily injury liability
provision in a property insurance contract.  This case originated from an intentional shooting at a
campground. Michael Chisholm shot Joseph Stanczak during an altercation on property owned
by the Cooks, who had property insurance through Farm Bureau. Farm Bureau determined it had
no duty to defend or indemnify the Cooks because the shooting was not a covered act under the
policy. Farm Bureau filed a declaratory judgment action seeking judicial confirmation of its

1

determination. Farm Bureau filed a motion for summary judgment, requesting that the district court find as a matter of law that the intentional shooting was not an "occurrence." The district court granted Farm Bureau's motion. We affirm the district court's judgment in favor of Farm Bureau.

## I. BACKGROUND

Edgar and Laurie Cook own 200 acres of property ("Property") in Bonner County, Idaho. The Property includes Bloom Lake, a cabin, and a campground. The Cooks allow people to use the lake and campground without charging a fee, but they solicit voluntary donations to help with the Property's upkeep. Approximately twenty years ago, Michael Chisholm asked the Cooks if he could stay in the cabin in exchange for maintaining the Property. They agreed, and Chisholm began caring for the Property.

On June 28, 2015, Joseph Stanczak and his girlfriend were camping at the Property. Chisholm invited them into the cabin, and a dispute later arose between Chisholm and Stanczak. Chisholm shot Stanczak twice with a .45 caliber handgun, then left the scene. Authorities later apprehended Chisholm and charged him with Aggravated Battery and Use of a Deadly Weapon in Commission of a Felony. Chisholm entered an *Alford* plea, by which he pleaded guilty without admitting guilt as to all the elements of the crimes. He was sentenced to prison.

The Cooks have an insurance policy ("Policy") with Farm Bureau that insures the Property. The Policy's only insureds are Edgar and Laurie Cook. The Policy includes the following relevant definitions:

> **Occurrence** means an accident, including continuous or repeated exposure to the same harmful conditions, which results in unexpected **bodily injury** or **property damage** during the policy period. All **bodily injury** and **property damage** resulting from a common cause will be considered the result of one **occurrence**.

Additionally, the Policy's Section II contains two relevant coverage sections: F1 (Bodily Injury Liability) and F2 (Premises Medical). Coverage F1 provides in relevant part:

> If a claim is made or a suit is brought against any **insured** for damages because of **bodily injury** or **property damage**, caused by an **occurrence** to which this coverage applies, we will:
>
>> 1. Pay up to our limit of liability for the damages for which the **insured** is legally liable (damages includes any awarded prejudgment interest); and
>>
>> 2. Provide a defense at our expense by counsel of our choice. . . .

Coverage F2 offers the following:

Subject to the limit of liability, we will pay reasonable and necessary medical and funeral expenses resulting from **bodily injury** caused by an **occurrence** as described below. This coverage does not apply to you or residents of your household other than **residence employees**. This coverage applies only:

1. To a person on the **insured location** with the permission of any **insured**. . . .

(emphasis in original for all policy language above)

Stanczak asserted claims against Chisholm, the Cooks, and Farm Bureau for injuries stemming from the shooting. Through counsel, Stanczak made a demand on Farm Bureau for damages under the Policy. Farm Bureau denied coverage and sent a letter to the Cooks informing them of its denial. Stanczak later filed a complaint against both Chisholm and the Cooks. In his complaint against the Cooks, Stanczak alleged premises liability and negligent supervision. The Cooks tendered defense of this action to Farm Bureau, and Farm Bureau found no coverage and no duty to defend against Stanczak's complaint. Stanczak filed an amended complaint, which deleted references to the Property as for-profit and Chisholm as an employee. Farm Bureau did not change its coverage decision.

Farm Bureau filed a complaint for declaratory judgment and amended it in response to Stanczak's amended complaint. In its amended complaint, Farm bureau sought a declaration that (1) there is no coverage under the Policy for Stanczak's claimed injuries, and (2) it does not have a duty to defend the Cooks against Stanczak's claims against them. The Cooks counterclaimed, asserting breach of contract and requesting a declaration of coverage. Farm Bureau filed a motion for summary judgment on the coverage issues. The district court granted the motion and entered judgment in favor of Farm Bureau. The Cooks timely appealed.

## II. STANDARD OF REVIEW

This Court reviews a summary judgment motion under the same standards the district court used. *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). All disputed facts must be liberally construed in favor of the nonmoving party, and all reasonable inferences from the record must be drawn in favor of the nonmoving party. *Mackay,* 145 Idaho at 410, 179 P.3d at 1066. "Summary judgment is appropriate where the nonmoving party bearing the burden of proof fails to make a showing sufficient to establish the existence of

3

an element essential to that party's case." *Id.* This Court reviews questions of law *de novo*. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010) (citation omitted).

## III. ANALYSIS

**A. The district court properly granted summary judgment for Farm Bureau since the shooting was not an "occurrence" under the Policy.**

The Cooks contend that coverage exists under the Policy since the determination of whether an event was an "occurrence" (defined as an accident) should be viewed from the standpoint of the insured. They claim that Chisholm shooting Stanczak—while intentional from Chisholm's point of view—was an accident from theirs, and thus is a covered "occurrence" under the Policy. Farm Bureau asserts that the injuries upon which Stanczak's claims were based flowed directly from the intentional shooting, and thus cannot be an "occurrence" under the Policy. Farm Bureau cites this Court's precedent in analogous cases as controlling.

Both the Cooks and Farm Bureau address two of this Court's prior cases which discussed how intentional acts of a non-insured party impacted coverage for the insured. The first is *Mutual of Enumclaw v. Wilcox*, 123 Idaho 4, 843 P.2d 154 (1992). In *Wilcox*, twelve anonymous plaintiffs brought an action against Shirley Wilcox and her ex-husband for sexual abuse suffered at their home—committed by the ex-husband—over a seven-year period. *Id.* at 5, 843 P.2d at 155. The plaintiffs alleged that Shirley Wilcox, who was the only insured under the policy, was negligent for her failure to report, failure to warn, and failure to provide adequate safety for the minor plaintiffs. *Id.* Enumclaw filed a declaratory judgment action alleging it was not liable under the policy. *Id.* "Specifically, Enumclaw stated that it denied liability because 'it appears that the basis of the claims against Shirley Wilcox are not an accident or "occurrence" as set out in the terms of the insurance policy . . . .'" *Id.*

The Court first determined that "accident" has a settled legal meaning in line with the following definitions:

> *Insurance contract.* An accident within accident insurance policies is an event happening without any human agency, or, if happening through such agency, an event which, under circumstances, is unusual and not expected by the person to whom it happens. A more comprehensive term than "negligence," and in its common signification the word means an unexpected happening without intention or design.

*Id.* at 9, 843 P.2d at 154 (citing Black's Law Dictionary 14 (5th ed. 1979)).

4

1. an undesirable or unfortunate happening, unintentionally caused and usually resulting in harm, injury, damage, or loss; casualty; mishap: automobile accidents.

2. any event that happens unexpectedly, without a deliberate plan or cause . . . .

*Id.* (citing Webster's Encyclopedic Unabridged Dictionary 9 (1989)). The Court then looked at both Wilcox's and her ex-husband's conduct. *Id.* The Court first dismissed the ex-husband's conduct as intentional, and thus "clearly not an 'occurrence.'" *Id.* However, the Court stated that it must look at the events in light of the policyholder's conduct, not the ex-husband's, to determine whether or not an "occurrence" existed. *Id.* Here too, the Court determined Wilcox's conduct was "not an 'occurrence' under the policies because it was not the conduct which caused the injury." *Id.* The Court further noted, "While the acts or failure to act by Wilcox may have created or contributed to the environment which permitted her ex-husband's conduct, Wilcox did not commit the acts complained of by the twelve anonymous plaintiffs." *Id.*

Five years later, this Court decided *State Farm Fire & Casualty Co. v. Doe*, 130 Idaho 693, 946 P.2d 1333 (1997). This case also concerned sexual abuse of minors, which the Does' teenage son committed at the Does' daycare. *Id.* at 694, 946 P.2d at 1334. The plaintiffs brought suit alleging negligent entrustment and negligent supervision, among other causes of action. *Id.* State Farm brought a declaratory judgment action "seeking a determination that the sexual abuse is outside its policy coverage." *Id.* The Court only looked at the action giving rise to the injury and found it was an intentional act and thus not an "occurrence" under the policy. *Id.* at 696, 946 P.2d at 1336.

The Cooks cite cases from other jurisdictions that have assessed whether an event was an "occurrence" based on the standpoint of the insured. They further claim there is language in *Wilcox* that at least partly supports this contention. Farm Bureau acknowledged that some jurisdictions have interpreted insurance contracts from the Cooks' desired perspective, but several others are in line with Idaho's jurisprudence in *Wilcox* and *State Farm*. Couch on Insurance addresses the jurisdictional divergence as to whether a third party's intentional act—specifically an assault—is an "occurrence" under a liability insurance policy. "[S]ome courts still take the position that an accident or occurrence must be viewed from the insured's standpoint." 9 Couch on Ins. § 127:21 (3d ed. 1997). However, "numerous courts have viewed the issue of whether an event constitutes an accident or occurrence not from the standpoint of the insured but by looking at the nature of the injury-causing event." *Id.* Thus, under the "nature of the event"

approach, negligence claims "against an insured that directly arise out of the intentional act of a third party are not covered because the underlying causative act is not covered." *Id.*

The policy language at issue requires an "occurrence" to be an accident. In Idaho, "[a]n accident is an unexpected event which is the result of unintentional conduct or an intentional act which results in unexpected consequences." *State Farm*, 130 Idaho at 696, 946 P.2d at 1336. While the Cooks claim that this incident falls precisely in line with the definition of an accident from their perspective—the shooting was an unexpected event resulting from their purported negligence—Idaho law demands a contrary interpretation. *Wilcox*'s discussion of the insured's perspective led only to the acknowledgement that the insured didn't commit the act that caused harm. This Court did not state that an intentional assault could be an "occurrence" under an accident policy, despite discussing events from an insured's perspective. Our rulings in *Wilcox* and *State Farm* demonstrate that Idaho is, as Couch on Insurance describes, a "nature of the event" state and not a "standpoint of the insured" state. There is no perspective from which a reasonable person could possibly view Stanczak's injuries as resulting from anything other than an assault in this case. An intentional shooting caused the injuries, and thus the shooting was not an "occurrence" under Idaho law.

Given the above, the Cooks invite this Court to overturn its precedent on public policy grounds. In Idaho, "the rule of stare decisis dictates that we follow [controlling precedent] unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overruling it is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *Houghland Farms, Inc. v. Johnson*, 119 Idaho 72, 77, 803 P.2d 978, 983 (1990). Idaho is squarely in line with several other states in our interpretation. *See, e.g.*, *Sears, Roebuck & Co. v. Nat'l Union*, 772 N.E.2d 247, 256 (Ill. App. 2002) (no duty to defend against intentional conduct causing bodily injury despite complaint alleging negligence as well); *Sweet Home Cent. Sch. Dist. of Amherst & Tonawanda v. Aetna Commercial Ins. Co.*, 695 N.Y.S.2d 445, 446 (N.Y. App. Div. 1999) ("Because the operative acts giving rise to any recovery are intentional acts, . . . it is of no import that the complaint in the underlying action alleges only negligent hiring, retention and supervision on the part of Sweet Home."); *GATX Leasing Corp. v. Nat'l Union Fire Ins. Co.*, 64 F.3d 1112, 1119 (7th Cir. 1995) (holding that volitional acts, even by third parties, cannot be characterized as "occurrences" under Texas law). We do not find our

controlling precedent to be manifestly wrong or unjust, and decline to overturn our existing case law.

Farm Bureau additionally argues that the policy excludes coverage (a) under the business activities exclusion, and (b) even if Chisholm is classified as an insured under the policy. Given our analysis above—and the fact that the Cooks do not claim Chisholm was an insured under the policy—it is unnecessary for the Court to address these exclusions.

## B. Farm Bureau is not entitled to attorney's fees.

Farm Bureau requests attorney's fees under Idaho Code section 12-121, which allows the Court to "award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." I.C. § 12-121. The Cooks made a good faith argument to overturn existing case law. While we were not persuaded, they did not pursue the case frivolously or unreasonably. Their arguments were not without foundation. We do not award fees.

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the district court's grant of summary judgment. Costs to Farm Bureau.

Justice BEVAN and Justices Pro Tem LORELLO, TROUT, and SCHROEDER CONCUR.